Argued and submitted September 18, 2012, affirmed August 7, 2013

In the Matter of the Compensation of
Randi P. Ayres, Claimant.

VIGOR INDUSTRIAL, LLC,
*Petitioner,*

*v.*

Randi P. AYRES,
*Respondent.*

Workers' Compensation Board
0901523; A149855

310 P3d 674

Jerald P. Keene argued the cause for petitioner. With him on the briefs was Oregon Workers' Compensation Institute, LLC.

Kevin Keaney argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

The dispute in this workers' compensation case centers on the statutes governing claims for "combined conditions" that arise when "an otherwise compensable injury combines * * * with a preexisting condition to cause or prolong disability or a need for treatment * * *." ORS 656.005(7)(a)(B). Such a "combined condition" is compensable "only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause" of the disability or the need for treatment of the combined condition. *Id.* In this case, the Workers' Compensation Board issued an order that set aside employer's denial of claimant's claim for combined conditions, ruling that employer had not met its burden of proving that claimant's otherwise compensable injury no longer was the major contributing cause of his disability and need for treatment. On employer's petition for judicial review, we affirm.

The issue we address on review is a legal one, and we briefly describe the facts solely to provide context for our discussion. Claimant slipped at work and injured his right foot in early 2008. Employer accepted a claim for a nondisabling foot strain later that year. In January 2009, after receiving new medical evaluations, claimant submitted a claim for two new foot conditions: a navicular fracture and avascular necrosis (AVN) of the navicular bone in his right foot, both of which predated his work injury. Employer denied those conditions in a document titled "combined condition denial," and claimant requested, and was granted, a hearing before an administrative law judge (ALJ).

After that hearing, the ALJ issued an opinion and order addressing what he described as employer's "denial of [claimant's] additional medical condition claims for a right foot navicular fracture and [AVN] in the navicular bone." The ALJ found that claimant's "disability and need for treatment for the AVN and the fracture was caused at least in material part by his injury." Consequently, the ALJ ruled, claimant had established that he had an "otherwise compensable injury," that is, that his work-related injury "was at least a material cause of the disability and need for treatment for the AVN and fracture." *See Hopkins v. SAIF,* 349

Or 348, 351, 245 P3d 90 (2010) ("To establish a 'compensable injury,' the worker must prove that a work-related injury is a material contributing cause of a disability or need for treatment.").

However, because the ALJ also found that claimant had preexisting arthritis, he considered the possible applicability of ORS 656.005(7)(a)(B), which specifies when "combined conditions" are compensable:

> "If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the need for treatment of the combined condition."

It is undisputed that claimant's arthritis is a "preexisting condition" for purposes of ORS 656.005(7)(a)(B). It also is undisputed that claimant's AVN and navicular fracture had not been diagnosed or treated prior to claimant's work injury. Consequently, neither of those conditions is a "preexisting condition" for purposes of that statute, even though they pre-dated claimant's injury. *See* ORS 656.005(24)(a) (defining "preexisting condition").[1]

The ALJ found, based on medical evidence in the record, that claimant's preexisting degenerative arthritis contributed to *some* degree to his disability and need for treatment. Therefore, the ALJ determined, claimant had a combined condition that consisted of "the preexisting arthritis and the injury."[2] The ALJ then analyzed whether employer had met its burden of proving, under ORS 656.266(2)(a),

---

[1] For purposes of initial industrial injury claims, the term "preexisting condition" is defined to include "any injury, disease, congenital abnormality, personality disorder or similar condition" that meets three criteria: (1) the condition "contributes to disability or need for treatment," (2) except for claims in which the preexisting condition is arthritis or arthritic condition, "the worker has been diagnosed with such condition, or has obtained medical services for the symptoms of the condition," and (3) that diagnosis or treatment preceded the work injury. ORS 656.005(24)(a).

[2] Earlier in the opinion and order, the ALJ had suggested that claimant might have combined conditions that consisted of the work injury, the arthritis, *and* the AVN and navicular fracture. Ultimately, however, the ALJ determined that the combined condition did not include the AVN or the fracture.

that claimant's "otherwise compensable injury" was no longer the major contributing cause of his disability and need for treatment of the combined condition.[3] Finding no persuasive evidence that claimant's preexisting arthritis made a *significant* contribution to his disability and need for treatment—as compared to the contribution from the injury itself—the ALJ concluded that employer had not proved that the otherwise compensable injury no longer was the major contributing cause of claimant's disability and need for treatment. Accordingly, the ALJ set aside employer's denial of the claim.

Employer sought review before the Workers' Compensation Board, presenting a two-part argument. First, employer argued that claimant's AVN and navicular fracture *also* contributed to his combined condition, which did not comprise only arthritis and the work injury. Second, employer argued that the pertinent comparison, for purposes of the "major contributing cause" analysis, was between the work injury and *all* other contributors to claimant's disability and need for treatment, not just those contributors that qualified as "preexisting conditions." Thus, employer argued, the board should determine whether claimant's work injury remained the major contributing cause of his disability and need for treatment when compared to the contributions from both claimant's arthritis *and* his AVN and navicular fracture.

The board adopted the ALJ's factual findings but departed, somewhat, from his legal analysis. Like the ALJ, the board started from the premise that a combined condition has only two components: the "otherwise compensable injury" and a statutorily defined "preexisting condition." Unlike the ALJ, however, the board determined that the "otherwise compensable injury" in this case was not

---

[3] ORS 656.266(2)(a) provides:

"Notwithstanding subsection (1) of this section, for the purpose of combined condition injury claims under ORS 656.005(7)(a)(B) only:

"(a) Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

the work injury itself; instead, the board stated, the AVN and navicular fracture each constituted an otherwise compensable injury. The board concluded that those otherwise compensable injuries combined with claimant's preexisting arthritis to form two combined conditions: (1) arthritis plus the AVN and (2) arthritis plus the navicular fracture. Applying the combined-condition analysis, the board concluded that employer had not met its burden of proving that the "otherwise compensable injuries"—as the board viewed it, the AVN and navicular fracture—no longer were the major contributing cause of those combined conditions:

> "With respect to the combined right foot navicular fracture and degenerative arthritis condition, the employer does not identify, nor have we located, medical evidence that would establish that the otherwise compensable navicular fracture is not the major contributing cause of claimant's disability/need for treatment for the combined fracture/ arthritis condition. Likewise, we are unable to locate expert medical evidence establishing that the otherwise compensable [AVN] is not the major contributing cause of the combined necrosis/arthritis condition."

On review before this court, employer acknowledges that the board correctly analyzed the claim as involving a combined condition, given the preexisting arthritic degeneration in claimant's injured foot. Employer also acknowledges that it had the burden of proving that claimant's otherwise compensable work injury no longer was the major contributing cause of his disability and need for treatment. Nonetheless, employer argues, the board erred by failing to consider *all* of the conditions that contributed to claimant's foot problem when it conducted the "major contributing cause" analysis, including those aspects of the AVN and navicular fracture that predated claimant's work injury (and, therefore, could not be considered part of the "otherwise compensable injury"). According to employer, the board should have compared the contribution of claimant's "otherwise compensable injury" to the contributions from claimant's arthritis, his AVN, *and* his navicular fracture to determine whether— absent those latter three contributions—the otherwise compensable injury remained the major contributing cause of

the disability and need for treatment.[4] In response, claimant urges us to adopt the board's reasoning.

The parties' competing positions can be reduced to mathematical equations. Claimant contends—and the board ruled—that a "combined condition" consists *only* of the "otherwise compensable injury" (OCI) and a statutory "preexisting condition" (PEC) that combines with it:

$$\text{Combined condition} = \text{OCI} + \text{PEC}$$

Moreover, according to both claimant and the board, that equation governs the "major contributing cause" analysis. In other words, to determine whether "the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition[,]" ORS 656.005(7)(a)(B), one need compare only the contributions of the otherwise compensable injury and the preexisting condition to see which is greater[5]:

$$\text{OCI} > \text{PEC}$$

*or*

$$\text{OCI} < \text{PEC}$$

Employer disagrees. In its view, the combined condition also includes any other conditions that somehow contribute to the worker's identified medical problem, even though they do not qualify as preexisting conditions under ORS 656.005(24)(a):

$$\text{Combined condition} = \text{OCI} + \text{PEC} + \text{other conditions}$$

Accordingly, employer argues, those other conditions also figure into the "major contributing cause" analysis:

---

[4] Employer also argues that the board erred by interpreting "the phrase 'arthritis or arthritic conditions' in ORS 656.005(24)(a)"—the definition of "preexisting condition" for purposes of industrial injuries—"too narrowly." According to employer, the AVN and navicular fracture themselves qualified as arthritic conditions under that statute. We reject that argument without further discussion.

[5] This case does not require us to address whether an "otherwise compensable injury" can be the "major contributing cause" of a combined condition if its contribution to the combined condition is equal to the contribution from a preexisting condition, so we decline to reflect that theoretical circumstance in our equations.

$$OCI > (PEC + \text{other conditions})$$

*or*

$$OCI < (PEC + \text{other conditions})$$

Employer contends that the board erred in this case because it did not consider the other conditions—*i.e.,* claimant's pre-work-injury AVN and navicular fracture—when determining whether claimant's otherwise compensable injury remained the major contributing cause of his disability and need for treatment.

We disagree. Our analysis begins with the text and context of ORS 656.005(7), which, albeit obliquely, defines the term "combined condition." *See State v. Bassett,* 234 Or App 259, 265, 228 P3d 590, *rev den,* 348 Or 461 (2010) (in construing a statute, "we examine the text and context of the statute, as well as any legislative history offered by the parties that, in the court's determination, is pertinent").[6] That statute provides, in part:

"(7)(a)    A 'compensable injury' is an accidental injury *** arising out of and in the course of employment requiring medical services or resulting in disability or death *** subject to the following limitations:

"*****

"(B)    If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Under that statute, a "combined condition" is created when "an otherwise compensable injury" combines "with a preexisting condition to cause or prolong disability or a need for treatment." Nothing in the statute suggests that other conditions also may be part of the "combined condition." To the contrary, the statute embodies, in narrative form, the equation we have used to describe the board's position:

---

[6] The parties have not offered any legislative history for our consideration.

combined condition = OCI + PEC. Certainly, subsection (7)(a)(B) of the statute could be more explicit on that point if, for example, it were divided into two sentences, like so:

- If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the worker has a "combined condition."

- That "combined condition" is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause, and so on.

We view ORS 656.005(7)(a)(B) as nothing more (or less) than a consolidation of those two ideas. Thus, we agree with the board that a "'combined condition' consists of two components: (1) 'an otherwise compensable injury'; and (2) a statutory 'preexisting condition.'"

The question remains whether only the "otherwise compensable injury" and the statutory "preexisting condition" figure into the "major contributing cause" analysis. Under ORS 656.266(2)(a), once the worker has established the existence of an otherwise compensable injury, the employer has the burden of proving that the combined condition is, nevertheless, not compensable:

"(2)  Notwithstanding subsection (1) of this section, for the purpose of combined condition injury claims under ORS 656.005(7)(a)(B) only:

"(a)  Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Significantly, the statute does not require an analysis, in some generalized sense, of what has caused the claimant to become disabled or need treatment. Rather, the statute more precisely requires identification of the major cause of the disability or need for treatment *of the combined condition,*

suggesting that the board should compare only the contributions of the component parts of the combined condition.

That suggestion is confirmed by ORS 656.262(6)(c), which specifies that an employer's initial acceptance of a combined condition does not necessarily preclude the employer from later denying the combined condition "if the otherwise compensable injury ceases to be the major contributing cause of the combined * * * condition." Interestingly, that statute does not exactly mirror ORS 656.005(7)(a)(B) and ORS 656.266(2)(a), which are phrased in terms of whether the otherwise compensable injury is the major contributing cause *of the disability or need for treatment* of the combined condition. Instead, ORS 656.262(6)(c) refers simply to whether the otherwise compensable injury is the major contributing cause of the combined condition itself. Thus, the legislature appears to equate—at least for some purposes— the contributing causes of the disability or need for treatment of the combined condition with the contributing causes of the combined condition.[7]

That equivalence confirms that the legislature intended the "major contributing cause" analysis to include only those contributing factors that make up the combined condition itself, *i.e.*, the otherwise compensable injury and the statutory preexisting condition. Thus, the question posed by ORS 656.266(2)(a) is whether the employer has met its burden of proving that the otherwise compensable injury is no longer the major contributing cause as compared to any contribution from the preexisting condition. Other conditions that neither are encompassed within the "otherwise compensable injury" nor are statutory "preexisting conditions" play no part in the "major contributing cause" analysis.

In arguing to the contrary, employer relies heavily on our decision in *Bowen v. Fred Meyer Stores*, 202 Or App 558, 123 P3d 367 (2005), *rev den*, 341 Or 140 (2006). In that case,

---

[7] We acknowledge that, as a matter of medical fact, the major contributing cause of a need for treatment of a combined condition may not always be the same as the major contributing cause of the combined condition itself. *See SAIF v. Nehl*, 149 Or App 309, 313, 942 P2d 859 (1997), *rev den*, 326 Or 389 (1998) (drawing that distinction). But the legislature's use of both those phrases in the "major contributing cause" statutes helps demonstrate that—for purposes of determining what *is* the combined condition and what "counts" in determining its major contributing cause—only the component parts of the combined condition itself, *i.e.*, the otherwise compensable injury and the preexisting condition, matter.

we explained that "[t]he universe of potential contributing causes for purposes of assessing the major contributing cause of a condition in the context of an occupational disease claim is *not* limited to 'preexisting conditions' as defined in ORS 656.005(24)(b)." *Id.* at 563 (emphasis in original). Instead, we held, "in determining the major contributing cause of a condition in the context of an occupational disease claim, the relative contribution of *all contributing causes* must be considered, and persuasive medical opinion must explain why a particular work exposure or injury contributes more to the claimed condition than all other causes or exposures combined." *Id.* at 563-64 (emphasis in original). Here, employer argues that the *Bowen* holding "applies equally to the major cause analysis for combined injury conditions specified in ORS 656.005(7)(a)(B)."

We reject employer's contention that *Bowen* applies in the "combined condition" context. Occupational disease claims—the type of claim at issue in *Bowen*—are governed in part by statutes that do not apply to industrial injury claims, including ORS 656.802. Under that statute, a worker who brings an occupational disease claim has the burden of proving "that employment conditions were the major contributing cause of the disease." ORS 656.802(2)(a). Unlike the statutes that define "combined conditions," which specify that they consist *only* of otherwise compensable injuries and statutory preexisting conditions (as explained above), ORS 656.802(2)(a) does not limit the scope of conditions that may contribute to an occupational disease. It follows that, as we held in *Bowen*, all potentially contributing causes must be considered when determining whether employment conditions were the major contributing cause of an occupational disease. *See also Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 133, 23 P3d 333 (2001) (announcing similar rule, also in the context of an occupational disease case). That holding does not apply, however, to a "major contributing cause" analysis that is based on a different statute—like ORS 656.007(a)(B)—that *does* define and limit the components that make up the subject condition (here, a combined injury condition).

Employer also points to other combined-condition cases in which we have stated that "each cause" or "all causes"

must be considered in conducting the "major contributing cause" analysis. To the extent that our opinions in those cases could be read to suggest that conditions other than preexisting conditions or the "otherwise compensable injury" matter in that analysis, however, those statements were *dicta.* For example, in *Dietz v. Ramuda,* 130 Or App 397, 882 P2d 618 (1994), *rev dismissed,* 321 Or 416 (1995), the claimant suffered a heart attack after being exposed to smoke at work. He filed a workers' compensation claim, which the employer denied. The board upheld that denial on the basis that the claimant had failed to prove that the exposure to smoke was the major contributing cause of his heart attack.[8] On judicial review, the claimant argued that, as a matter of law, the evidence allowed only one conclusion: that the smoke exposure precipitated his heart attack and, therefore, his work activities necessarily were the major contributing cause of that heart attack. *Id.* at 400-01. This court rejected claimant's argument, holding that, "although work activities that precipitate a claimant's injury or disease may be the major contributing cause, that is not necessarily always true." *Id.* at 401. We continued: "Under ORS 656.005(7)(a)(B), the relative contribution of *each cause,* including the precipitating cause, must be evaluated under the particular circumstances." *Id.* at 401-02 (emphasis added). But in *Dietz,* the only potential causes at issue were the work-related smoke exposure and the claimant's previously diagnosed coronary artery disease, which was a preexisting condition. Accordingly, our statement about "each cause" referred only to the claimant's otherwise compensable injury and his preexisting condition; it is not a holding that *other* conditions also weigh into the "major contributing cause" analysis in industrial injury cases that involve combined conditions.[9]

---

[8] Under the statutes then in effect, the claimant had the burden of proving the compensability of his claim. *See* ORS 656.266 (1993).

[9] Our opinion in *Allied Waste Industries, Inc. v. Crawford,* 203 Or App 512, 125 P3d 794 (2005), *rev den,* 341 Or 80 (2006), includes similar *dictum,* stating unnecessarily (and incorrectly) that, "to establish that a work injury is the major contributing cause of the need for treatment of a combined condition, the evidence must demonstrate that the work injury contributed more to the disability or need for treatment than did *all other nonwork related causes.*" (Emphasis added.)

The Supreme Court has made a similar error, again in *dictum. See Schuler v. Beaverton School District No. 48J,* 334 Or 290, 296-97, 48 P3d 820 (2002) (stating, in a case involving only a work injury and a preexisting condition, that, "[t]o

Somewhat similarly, in *Bailey v. Reynolds Metals*, 153 Or App 498, 504, 959 P2d 84, *rev den*, 327 Or 432 (1998), we described the process for determining whether a work injury was the "major contributing cause" of the need for treatment of a combined condition as involving a comparison of the work injury to "the preexisting condition *and other nonwork-related causes*." (Emphasis added.) In *Bailey*, however, the issue before this court was whether "the provisions of ORS chapter 656 requiring different treatment of workers who have preexisting conditions violate the Americans with Disabilities Act (ADA), which prohibits an employer from discriminating against an individual because of that person's disability." *Id*. at 501-02 (citation omitted). The claimant argued that the ADA preempted ORS 656.005(7)(a)(B) and ORS 656.005(24) (defining preexisting conditions) because those provisions required her to carry a greater burden of proof ("major contributing cause") to obtain compensation than would be required of an industrial-injury claimant who lacked preexisting conditions. We rejected that argument, holding that the "different treatment of workers with preexisting conditions is a meaningful distinction based on reasonable factors." *Id*. at 504. Our statement that the "major contributing cause" analysis takes into account "other nonwork-related causes" was unnecessary to that holding. Indeed, no such other causes appear to have contributed to the *Bailey* claimant's combined condition. Because our statement about "other nonwork-related causes" in *Bailey* was *dictum* that was not expressly based on any statutory construction, it does not influence our interpretation of ORS 656.005(7)(a)(B) or our view of the factors to be considered in the "major contributing cause" analysis in industrial-injury combined-condition cases.

To recap: We conclude that a "combined condition," as defined in ORS 656.005(7)(a)(B), consists only of the "otherwise compensable injury" and any statutory preexisting conditions. That combined condition is compensable

---

show that an 'otherwise compensable injury is * * * the major contributing cause of the need for treatment of the combined condition,' a claimant must show that the otherwise compensable injury contributed more to the need for treatment than all other causes combined" (ellipses in original)).

"only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition" as compared to the contributions from the preexisting conditions that are components of the combined condition. ORS 656.005(7)(a)(B).

That conclusion leads us to affirm the board's order. There may be some question in this case about what properly should be viewed as claimant's "otherwise compensable injury." The ALJ and the board approached that aspect of the analysis differently; the ALJ determined that claimant's work injury itself was his "otherwise compensable injury," but the board determined that claimant's "otherwise compensable injury" was his AVN and navicular fracture (presumably as they manifested post-injury). We need not address that issue, however, as employer does not assign error to the board's description of claimant's otherwise compensable injury. Rather, the only question before us is whether the board should have considered factors *other than* the "otherwise compensable injury" and preexisting condition of arthritis when it determined the major contributing cause of claimant's combined condition. As we have explained, the board correctly declined to do so.

Affirmed.