Argued and submitted November 4, 2014, reversed and remanded May 28, 2015

In the Matter of the Compensation of
Dennis L. Corkum, Claimant.

Dennis L. CORKUM,
*Petitioner,*

*v.*

BI-MART CORPORATION,
*Respondent.*

Workers' Compensation Board
1102195; A153295

350 P3d 585

Dale C. Johnson argued the cause and filed the brief for petitioner.

James W. Moller argued the cause and filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

## HADLOCK, J.

Claimant, who had a hernia in his groin surgically repaired in 1995, was diagnosed with another hernia in 2011 after he experienced groin pain while lifting heavy merchandise at work. Claimant filed a workers' compensation claim for that groin condition. Employer conceded that the work incident was a material contributing cause of claimant's condition, but it denied his workers' compensation claim, asserting that the work injury had combined with the 1995 hernia condition, which was a preexisting condition that was the major contributing cause of claimant's disability and need for treatment of the resulting combined condition. The Workers' Compensation Board agreed with employer and affirmed the denial. Claimant now seeks judicial review of the board's order, arguing that the board relied on the opinion of a doctor who improperly included in his weighing of contributory causes a condition, abdominal wall weakness, that merely rendered claimant more susceptible to hernias and thus should have been excluded from consideration. We reverse and remand.

We frame our discussion, as did the board, in terms of the "combined condition" analysis. A combined condition arises when "an otherwise compensable injury"—that is, an accidental injury "arising out of and in the course of employment," ORS 656.005(7)(a)—"combines * * * with a preexisting condition to cause or prolong disability or a need for treatment." ORS 656.005(7)(a)(B). Such a combined condition is compensable only "to the extent that the otherwise compensable injury is the major contributing cause" of the combined condition's disability or need for treatment. *Id.* *See Vigor Industrial, LLC v. Ayres*, 257 Or App 795, 802, 310 P3d 674 (2013), *rev den*, 355 Or 142 (2014) (explaining ORS 656.005(7)(a)(B) to have that dual significance). Thus, if a preexisting condition is the major contributing cause of a combined condition, the combined condition is not compensable.[1] However, not *all* conditions from which a worker

---

[1] ORS 656.005(24)(a), in turn, defines "preexisting condition" for industrial injury claims as "any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment," provided that, with exceptions not applicable here, the worker had been diagnosed with the condition or obtained medical services for its symptoms before the claimed compensable injury occurred.

suffers before a workplace injury qualify as preexisting conditions that "count" for purposes of the combined-condition analysis. To the contrary, a condition that merely renders a worker more susceptible to a work-related injury is deemed not to "contribute to disability or need for treatment." ORS 656.005(24)(c). Thus, if a condition merely renders a worker more susceptible to injury, it is not a "preexisting condition" and it "play[s] no part in the 'major contributing cause' analysis."[2] *Vigor Industrial*, 257 Or App at 803. As our discussion of the facts and the board's analysis will demonstrate, that dichotomy—"preexisting condition" versus "susceptibility"—is key to this case.

The underlying facts are not in dispute. In 1953, when claimant was five years old, he had a left inguinal hernia repaired. Claimant had a second inguinal hernia repaired in 1995, that time on the right side. That hernia was not work related. The hernia was "indirect," meaning that it protruded through the internal inguinal ring, a natural opening in the abdominal wall. It was repaired through an "open surgery" procedure in which the surgeon attached reinforcing mesh to the outside of the abdominal wall. After that surgery, claimant had no further symptoms, and the repair site was not monitored by any doctor.

While he was working for employer in January 2011, claimant felt a sharp pain in his right groin as he lifted a 40- to 50-pound box. Claimant was referred to a surgeon, Dr. Fontus, who diagnosed a right inguinal hernia and a smaller, asymptomatic left inguinal hernia. Fontus recommended surgical repair.

Claimant made a workers' compensation claim for "right groin condition." Employer requested an independent medical examination, which was performed by Dr. Bernardo. Bernardo diagnosed a "recurrent right inguinal hernia" and an "asymptomatic, previously unrecognized left inguinal

---

[2] We note that the role of "predisposing" condition differs depending on whether the condition whose compensability is in question is a combined condition or a consequential condition. As we recently explained, if a condition that merely renders the worker more susceptible to an injury or disease is itself a work-related injury, it must be weighed in determining the major contributing cause of the consequential condition notwithstanding ORS 656.005(24)(c). *See SAIF v. DeMarco*, 271 Or App 226, 230-31, 349 P3d 660 (2015).

hernia." He also discovered an asymptomatic umbilical hernia of which claimant had not been aware. Bernardo opined that the left inguinal hernia and the umbilical hernia were not work related. In the report that he wrote after the examination, Bernardo stated that claimant's right inguinal hernia "clearly has been present for some period of time." In his view, it was "medically unlikely" that the work incident, which he described as a "modest lifting event," caused the hernia. He added, "It is much more likely that a small recurrent hernia has been present for some period of time and that hernia has enlarged steadily in the years following the original repair. The examinee's work event then enlarged the hernia, crimped it, or otherwise brought it to his attention." Bernardo noted that up to 10 percent of inguinal hernia repairs fail over time. He opined that claimant's "recurrence is an outgrowth of whatever inadequacies may have existed at the original repair. It is entirely likely that some level of recurrence has been present for months or even years." Ultimately, Bernardo concluded that claimant's right hernia

> "represents a recurrence of a previously repaired, non-job related inguinal hernia. The presence of that previous hernia and its failure over time is a significant preexisting condition and in toto represents the majority cause of the recurrent hernia on the right side. The job event is a material contributing cause of the disability and need for treatment. That is, the examinee has a documented work event that led to pain and problems. However, in this instance, the majority cause of the hernia is the preexisting hernia."

Bernardo added that claimant's disability and need for treatment was "primarily related to the preexisting hernia and the failure of its repair."

Employer denied claimant's claim, asserting that his condition was not worsened by and did not arise out of and in the course of his employment.

Fontus performed surgery on claimant about a month after Bernardo's examination. Fontus did not perform an open surgery like the one that had been done in 1995, but instead approached the inguinal region from inside claimant's abdomen with a laparoscope inserted near his navel. Because of that, Fontus could not see the original repair. He repaired both inguinal hernias with mesh that he attached

to the inside of the abdominal wall. He also repaired the umbilical hernia.

Claimant requested a hearing on employer's denial of his claim before the Workers' Compensation Board. He also requested another medical examination, which was performed by Dr. Salomon in July 2011. Salomon examined claimant physically and reviewed medical records including Bernardo's report and Fontus's post-surgery report. Salomon agreed with Bernardo that the right inguinal hernia had likely been present before the lifting incident at work and that the work incident had exacerbated it. He also agreed that the recurrence was "due to a failure of the repair" that was made in 1995. However, he disagreed with Bernardo's assessment that the 2011 work incident had been minor. He concluded that the "lifting incident was most likely the cause that exacerbated the already present right inguinal hernia."

Employer's attorney obtained a concurrence letter from Bernardo in which he stated three reasons that he did not believe that the work incident was the major contributing cause of claimant's disability and need for treatment. The first reason was the existence of the 1995 hernia repair. The second was the relative insignificance of the January 2011 lifting event at work. The third was the presence of the two other hernias that Fontus repaired. According to Bernardo, "the development of two unrelated asymptomatic hernias, in addition to the right inguinal hernia, confirms that [claimant] also has a weakening of the abdominal wall tissue predisposing him to develop hernias. In other words, [claimant's] abdominal wall tissue is weaker than other people for reasons intrinsic to [claimant]." Bernardo added that claimant's age and the fact that he had smoked for 40 years "would contribute to the weakening of the abdominal tissue." In his view, the "existence of these asymptomatic multiple hernias further support that the right recurrent inguinal hernia also was, within a medical probability, already present before the January 15, 2011, incident and its having enlarged over the years due to weakening of the tissue."

Before the hearing on the denial of claimant's claim, Bernardo gave a deposition, in which the following exchange occurred between Bernardo and employer's attorney:

"Q. It was significant to you that [claimant] had pre-existing hernias?

"A. Yes.

"Q. And with regard to that, what does that say about his muscle wall, the abdominal wall that he has?

"A. Hernias don't develop randomly, they develop at known sites of weakness that everyone has. They develop through a combination of those weaknesses with aging of tissues and the stresses and strains that everyone goes through on a day-to-day basis.

"What you see in this patient is that he's had prior hernias, he's had further recurrences, and it suggests that his tissues, his abdominal wall are not as strong as they could be.

"Q. And would that weakness then play a role in the hernia that he developed that preexisted the incident that occurred at [work]?

"A. Yes.

"Q. Okay. Is that a factor in your rendering an opinion as well?

"A. Yes."

A hearing was held before an administrative law judge (ALJ). At the hearing, employer conceded that claimant's work incident was an otherwise compensable injury, and it amended its denial to assert that the work injury had combined with a preexisting condition and that the preexisting condition was the major contributing cause of the combined condition.

After the hearing, the ALJ issued an order affirming the denial. In that order, the ALJ noted that Bernardo had identified the previous right inguinal hernia repair as a preexisting condition and had concluded that "claimant's right inguinal hernia represented a recurrence of the previously repaired inguinal hernia." The ALJ concluded that "the prior hernia and repair was a condition that existed and was treated prior to the 2011 work incident" and thus constituted a legally cognizable preexisting condition. In light of that conclusion, she stated that "claimant's other

contentions regarding the lack of a legally-cognizable pre-existing condition need not be addressed." The ALJ then concluded that Bernardo's opinion established that the work incident was not the major contributing cause of claimant's need for treatment of the combined condition:

> "Dr. Bernardo provided several reasons why the pre-existing condition was the primary cause. Dr. Bernardo explained that hernias develop at known sites of weakness, and they develop through a combination of those weaknesses with aging of tissues and the daily stresses and strains. Claimant had a weakening of the abdominal wall tissue, as confirmed by the multiple hernias, predisposing him to develop hernias. A recurrent hernia suggested that claimant's abdominal wall and tissues were not as strong as they could be. That weakness played a role in the development of claimant's hernia. The existence of multiple hernias further supported that the right inguinal hernia was present before January 2011. The current right inguinal hernia represented a recurrence of the 1995 hernia and repair, which to Dr. Bernardo * * * showed a relationship between having the prior hernia, the prior hernia repair, and the recurrent hernia. Dr. Bernardo also considered claimant's 40 years of smoking to be [a] contributing factor to the development of hernias and recurrences. In addition, Dr. Bernardo ruled out the 2011 lifting incident as the major cause of claimant's disability and need for treatment. He stated that the abdominal pressure that resulted from lifting the smoker would not have by itself resulted in the right hernia absent the preexisting condition."

(Record citations omitted.) The ALJ concluded that, because Bernardo "weighed all the relevant contributing factors, his opinion is persuasive."

Claimant sought review by the Workers' Compensation Board, arguing that he did not have a combined condition and that the weakness of his abdominal wall tissues "was a mere susceptibility which should not have been weighed in determining major causation." Claimant noted that Bernardo himself had described claimant's abdominal wall weakness as "predisposing him to develop hernias."

The board adopted and affirmed the ALJ's order with supplementation that addressed claimant's contention that his abdominal wall weakness merely made him more

susceptible to injury. The board acknowledged that Bernardo had described claimant's abdominal wall weakness as "predisposing him to develop hernias," but it observed that "Bernardo also stated that the right inguinal hernia developed 'due to weakening of the tissue.' Such an explanation indicates that claimant's abdominal wall weakness *caused* the right inguinal hernia, and was not *merely* a predisposition or susceptibility." (Record citation omitted; emphases in original.) The board went on to state that Bernardo's opinion indicated that "the hernias that had been treated in 1953 and 1995 had also been caused by claimant's abdominal wall weakness." It concluded that, because that weakness "had been treated before the 2011 work injury," it satisfied the requisites of a preexisting condition. Accordingly, the board ruled that "claimant's abdominal wall weakness was a 'preexisting condition,' and, thus, claimant's right inguinal hernia was a 'combined condition.'"

On judicial review, claimant argues that the board's order is not supported by substantial evidence or substantial reason. He first challenges the board's determination that his abdominal wall weakness was a preexisting condition that could be taken into account in determining whether claimant's otherwise compensable injury was the major contributing cause of any combined condition from which he suffered.[3] In claimant's view, the weakness of his abdominal wall tissue merely made him more susceptible to injury and did not itself "cause the hernia." Rather, claimant argues, "[t]he weakness of the tissues rendered [his] body less resistant to gravity, coughing, sneezing, lifting, Valsalva maneuvers[4] and other forces/pressures, making him more susceptible to a hernia (protrusion) in the first instance and allowing it to enlarge." Claimant next argues that, assuming that his repaired 1995 hernia was a preexisting condition that contributed to a combined condition, the board erred in relying on Bernardo's opinion on major contributing cause,

---

[3] We do not understand claimant to renew his argument, made to the board, that he did not have a combined condition at all because he did not have *any* preexisting condition.

[4] A Valsalva maneuver is a forced attempt to exhale with the airway closed, which causes pressure in the abdomen. *Stedman's Medical Dictionary* 1061 (27th ed 2000).

because Bernardo did not know the extent of claimant's right inguinal hernia before the work incident. Because the board did not address that deficiency in Bernardo's analysis, claimant asserts, the board's order lacks substantial reason. Finally, claimant contends that the board failed to consider the major contributing cause of the disability resulting from the combined condition as a separate ground for compensability from the need for treatment.

Employer responds that the board's resolution of the case did not depend on the characterization of the abdominal wall weakness as a preexisting condition. According to employer, although Bernardo "discussed the contribution that claimant's abdominal wall weakness made to the occurrence of claimant's multiple hernias on several occasions, * * * he did not include the weakness as an independent contributor when he offered his ultimate opinion concerning major causation." Employer cites Bernardo's statement that "[t]he presence of that previous hernia and its failure over time is a significant preexisting condition and in toto represents the majority cause of the recurrent hernia on the right side." Employer acknowledges that the board determined that claimant's abdominal wall weakness was a contributing cause of the combined condition, but it argues that, reading the board's order as a whole, it is apparent that that conclusion was unnecessary to the board's resolution of the case, because Bernardo, the ALJ, and the board all considered the prior hernia and repair to be the relevant preexisting conditions and to be the major contributing cause of claimant's combined condition.

We begin with claimant's contention that his abdominal wall weakness should not have been considered a preexisting condition. In an initial injury claim, the claimant bears the burden of proving that an injury is compensable. ORS 656.266(1). Once the claimant establishes a compensable injury, the burden shifts to the employer to establish that "the otherwise compensable injury is not, or is no longer, the major contributing cause" of the claimant's disability or need for treatment. ORS 656.266(2)(a). Here, it is undisputed that claimant suffered a compensable injury. Thus, employer had the burden to show that claimant had a preexisting condition and that the preexisting condition—not

claimant's otherwise compensable injury—was the major contributing cause of claimant's disability and need for treatment.[5] The board relied on Bernardo's opinion in concluding that employer had satisfied its burden on both of those issues. "Our role on review of the board's evaluation of expert medical opinions is to determine whether the evaluation is supported by substantial evidence, that is, evidence that, considering the record as a whole, would permit a reasonable person to make the findings." *The Boeing Company v. Cole*, 194 Or App 120, 123, 93 P3d 824 (2004) (citing ORS 183.482(8)(c)). "To be supported by substantial evidence, however, the board's opinion must include a sufficient explanation to allow a reviewing court to examine the agency's action." *Id.* at 124 (internal quotation marks omitted).

Whether claimant's abdominal wall weakness should have been considered a preexisting condition turns on the meaning of "susceptible" in ORS 656.005(24)(c). Again, the statute provides, "For the purposes of industrial injury claims, a condition does not contribute to disability or need for treatment if the condition merely renders the worker more susceptible to the injury." The term "susceptible" is not statutorily defined. A dictionary definition, however, provides a helpful place to start. As pertinent here, *Webster's* defines "susceptible" to mean "of such a nature, character, or constitution as to admit or permit : capable of submitting successfully to an action, process, or operation." *Webster's Third New Int'l Dictionary* 2303 (unabridged ed 2002).

The legislative history of ORS 656.005(24)(c) sheds additional light on the meaning of the term "susceptible." That statute was enacted in 2001 as part of Senate Bill (SB) 485. *See* Or Laws 2001, ch 865, § 1. Previously, "preexisting condition" was defined to include any condition that "predisposes a worker to disability or need for treatment * * *." ORS 656.005(24) (1999). One of the authors of SB 485, Jerry Keene, testified that the intent was to carve out of the "definition of 'preexisting condition' those conditions which

---

[5] This case, like another that we recently decided, "does not require us to address whether an 'otherwise compensable injury' can be the 'major contributing cause' of a combined condition if its contribution to the combined condition is equal to the contribution from a preexisting condition." *Vigor Industrial*, 257 Or App at 800 n 5. Accordingly, we do not address that theoretical circumstance. *Id.*

do not actively contribute to the disability or need for treatment ***." Tape Recording, Senate Committee on Business, Labor, and Economic Development, SB 485, Mar 14, 2001, Tape 49, Side A (statement of Jerry Keene). He stated that "the distinction turns on the difference between active and passive contributions." *Id.* Keene explained that "traits, characteristics, [and] asymptomatic conditions such as age, gender, weight, history of smoking, alcohol use, abuse, family history, [and] some congenital factors *** don't actively contribute" to disability or need for treatment and would not be deemed causes under the new law. *Id.* He added that conditions that would continue to be deemed causes were "active, ongoing contributors to damaging the body part involved, like previous injuries or diseases, degenerative conditions, diabetes, [inaudible], [and other] conditions that have their own independent, active pathological impact on the body part." *Id.*

Thus, the text, context, and legislative history of ORS 656.005(24)(c) show that a condition merely renders a worker more susceptible to injury if the condition increases the likelihood that the affected body part will be injured by some other action or process but does not actively contribute to damaging the body part. *See Murdoch v. SAIF*, 223 Or App 144, 149-50, 194 P3d 854 (2008), *rev den*, 346 Or 361 (2009) (because the claimant's diabetes made him unable to "mount as strong of a response" to trauma caused by other forces, and did not itself cause that trauma, it had merely rendered the claimant susceptible to an infection of his toe, and was not a contributing cause of the need for amputation of that digit).

With that understanding of the term "susceptible" in mind, we turn back to the board's order. In concluding that claimant's abdominal wall weakness was a preexisting condition rather than a susceptibility, the board reasoned that Bernardo's statement that claimant's right inguinal hernia had enlarged "due to weakening of the tissue" indicated that the weakness had "caused" the hernia rather than merely rendering claimant more susceptible to hernias. The record does not support that determination. The words "due to" could refer to either an active or a passive

contribution to disability or need for treatment. However, the context in which Bernardo used the words does not support a finding that the abdominal wall weakness actively contributed to claimant's condition. In his deposition, Bernardo explained that hernias "develop at known sites of weakness that everyone has. They develop through a combination of those weaknesses with aging of tissues and the stresses and strains that everyone goes through on a day-to-day basis." Bernardo also noted that claimant's abdominal wall was likely not as strong as it is in other people. Moreover, Bernardo stated in his concurrence report that the weakening of claimant's abdominal wall predisposed him to develop hernias. A reasonable person, viewing the record as a whole, could find only that Bernardo meant that the abdominal wall weakness was a passive contributor that merely *allowed* the hernia to enlarge, while the "stresses and strains" of everyday life actively *caused* the hernia to enlarge. Nothing that Bernardo said would support a finding that claimant's abdominal wall weakness was an active, ongoing contributor to damaging the area through which the hernia protruded. It follows that claimant's abdominal wall weakness merely rendered claimant more susceptible to injury, without itself "contribut[ing] to disability or need for treatment." Accordingly, the abdominal wall weakness was not a preexisting condition within the meaning of ORS 656.005(24). The board erred in finding otherwise.

As noted, employer argues that the board's resolution of the case did not rely on the characterization of the abdominal wall weakness as a preexisting condition. We disagree. In its order, the board expressly stated that "Bernardo's opinion supports a conclusion that claimant's abdominal wall weakness was a 'preexisting condition,' and, thus, claimant's right inguinal hernia was a 'combined condition.'" Moreover, given the board's conclusion that claimant had a statutory preexisting condition and, thus, a combined condition, the resolution of the case turned on whether claimant's work injury was the major contributing cause of his disability and need for treatment. Determining the major contributing cause "involves evaluating the relative contribution of different causes of an injury or disease and deciding which is the *primary* cause." *Dietz v. Ramuda,*

130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed*, 321 Or 416 (1995) (emphasis in original). The board did not expressly analyze that issue in its order, but it adopted the ALJ's opinion and order. In her analysis of Bernardo's explanation of his opinion as to the major contributing cause, the ALJ stated:

> "Bernardo explained that hernias develop at known sites of weakness, and they develop through a combination of those weaknesses with aging of tissues and the daily stresses and strains. Claimant had a weakening of the abdominal wall tissue, as confirmed by the multiple hernias, predisposing him to develop hernias. A recurrent hernia suggested that claimant's abdominal wall and tissues were not as strong as they could be. That weakness played a role in the development of claimant's hernia."

The ALJ thus acknowledged that the abdominal wall weakness was a factor in Bernardo's opinion. Accordingly, we cannot say that findings about claimant's abdominal wall weakness did not influence the board's resolution of the case.

In light of the board's erroneous determination that claimant's abdominal wall weakness was a preexisting condition, we must remand to the board for reconsideration. Because the remaining issues that claimant raises on judicial review might not arise again on remand, we do not address them.

Reversed and remanded.