Argued and submitted November 10, 2015, affirmed March 15, 2017

In the Matter of the Compensation of
Shelby J. Vantassel, Claimant.

Shelby J. VANTASSEL,
*Petitioner,*

*v.*

SAIF CORPORATION;
and Robert Warren Trucking, LLC,
*Respondents.*

Workers' Compensation Board
1301453; A156798

392 P3d 362

Keith D. Semple argued the cause for petitioner. With him on the briefs was Julene M. Quinn.

Julie Masters argued the cause and filed the brief for respondents.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.*

---

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

## SERCOMBE, P. J.

Claimant seeks review of an order of the Workers' Compensation Board upholding SAIF's denial of an injury claim for a disc herniation at L5-S1 that occurred when claimant stepped out of a truck at work. Claimant contends that the board erred in determining that the claim was not compensable because claimant's two previous disc herniations and surgeries at L5-S1 were preexisting conditions that combined with the work incident and that were the major contributing cause of claimant's need for treatment. In reviewing the board's order for substantial evidence and errors of law, ORS 183.482(8)(a), (c), we conclude that the board did not err, and affirm.

The facts are largely undisputed. Claimant has had two previous noncompensable surgeries for a disc herniation at L5-S1, in 2002 and 2009. At work, in December 2012, as claimant was getting out of a truck, he felt immediate intense pain down both legs. Doctors diagnosed a recurrent L5-S1 disc herniation with lumbar radiculopathy.

At SAIF's request, claimant was examined by Dr. Vessely, an orthopedic surgeon. Vessely diagnosed "[r]ecurrent disc herniation at L5-S1" and "[s]tatus post lumber laminectomy and discectomy x2 at L5-S1, right side[.]" Vessely was of the opinion that claimant's injury combined with preexisting conditions in claimant's back, including two prior disc herniations at L5-S1 and two prior surgeries. In response to the question whether the diagnosed conditions were "consistent with the described mechanism of injury," Vessely explained that, although stepping out of the truck was the precipitating cause of claimant's most recent disc herniation, claimant's previous disc herniations and surgeries were the major contributing cause:

> "I do not feel that the on-the-job mechanism of getting out of a truck where he was just stepping down and nothing unusual happened other than severe pain, would be the major contributing cause. It appears that this is the time that he had the disc displacement occurring and he did not have any symptoms in his back or any incident prior to this. * * * Therefore, it is the fact that he has had two prior laminectomies and discectomies at L5-S1, and a minimal cause

of the episode at work[.] \* \* \* It is my opinion that the pre-existing is by far the more major contributing cause."

Vessely expressed the opinion that claimant's "preexisting conditions, including the surgery, did combine with [an] event at work and that the preexisting conditions are the major contributory cause for his present need for treatment or disability." Based on Vessely's opinion, SAIF denied the claim.

Claimant requested a hearing. The record before the administrative law judge (ALJ) included a medical report from Dr. Sherman, who had performed surgery on claimant's back. Sherman opined that, based on claimant's description of his symptoms, the incident at work, imposed on claimant's weakened disc, was the cause of the need for surgery. Dr. Thompson, claimant's primary care physician, agreed with Sherman.

The ALJ found that claimant had established a work injury and that the incident of getting out of the truck was a "material contributing cause" of the recurrent L5-S1 disc herniation. Relying on Vessely's opinion, the ALJ further found that claimant's claim was for a "combined condition," in which claimant's preexisting conditions had combined with the work incident to cause the disability and need for treatment. Based on Vessely's opinion, the ALJ found that the preexisting conditions were the major contributing cause of claimant's disability and need for treatment of the combined condition. The ALJ concluded that SAIF had met its burden to show that the preexisting condition of claimant's back was the major contributing cause of claimant's disability and need for treatment of his combined condition, and therefore upheld SAIF's denial. ORS 656.005(7)(a)(B) ("If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."); ORS 656.266(2)(a) (placing on the employer the burden to establish that "the otherwise compensable injury is not, or

is no longer, the major contributing cause" of the claimant's disability or need for treatment).

The board affirmed the ALJ's order, also finding persuasive Vessely's "more cogent and thorough analysis" that "claimant's preexisting back conditions (consisting of the previous recurrent disc herniations and resulting surgeries) had combined with the work incident" and were the major contributing cause of claimant's disability and need for treatment. Thus, the board held, SAIF had met its burden to prove that claimant's "otherwise compensable injury was not the major contributing cause of his disability/need for treatment for the combined L5-S1 disc herniation."

Claimant seeks judicial review of the board's order, contending that the board erred in characterizing his preinjury back condition as a preexisting condition and in determining that he had a combined condition. For injury claims, ORS 656.005(24)(a) defines a preexisting condition as "any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment[.]" ORS 656.005(24)(c) excludes from the definition of a preexisting condition a condition that "merely renders the worker more susceptible to the injury." In claimant's view, the medical evidence on which the board relied shows that claimant's past injuries and surgeries resulted in a mere "susceptibility" in the form of a weakened disc. For support, claimant refers to a statement written by SAIF's attorney, with which Vessely concurred, that

"the preexisting conditions and treatment caused his disc annulus to be so weak, that it took only a minor event to herniate his disc. Weighing the significant preexisting treatment and conditions against his minor incident at work, you feel, based on a reasonable degree of medical probability, the preexisting conditions and treatment resulted in a severely weakened annulus and this was the major contributing cause of his condition and need for treatment of the combined condition."

Claimant contends that Vessely's concurrence with that statement expresses Vessely's view that the mechanism of injury was the work incident superimposed on a weakened disc. That weakness, claimant contends, was a susceptibility

under ORS 656.005(24)(c) that, under the statute and this court's case law construing it, could not be considered in evaluating the compensability of the claim.

SAIF responds that a preexisting condition can make a person more susceptible to injury and also "contribute[] to disability or need for treatment" within the meaning of ORS 656.005(24)(a), and that ORS 656.005(24)(c) excludes from consideration only a "mere" susceptibility, *i.e.*, a condition that makes a person more susceptible to injury but that does not contribute to disability or a need for treatment. Here, SAIF asserts, the medical evidence supports the board's findings that claimant's prior disc herniations and surgeries contributed to his current disc herniation and the resulting disability and need for treatment.

We recently attempted to discern the meaning of a "mere susceptibility" in *Corkum v. Bi-Mart Corp.*, 271 Or App 411, 350 P3d 585 (2015). In that case, the claimant sought to be compensated for treatment of an abdominal hernia that occurred after a lifting incident at work. The board upheld the employer's denial of the claim, based on evidence that the claimant's hernia was a recurrence of a prior hernia and repair in the same location and a weakening of the claimant's abdominal wall. *Id.* at 419.

On judicial review, the claimant asserted that the board erred in relying on medical evidence of a weakening of the abdominal wall, because that condition was a mere susceptibility that did not constitute a preexisting condition. *Id.* We agreed with the claimant. Based on the text, context, and legislative history of ORS 656.005(24)(c), we said that "a condition merely renders a worker more susceptible to injury if the condition increases the likelihood that the affected body part will be injured by some other action or process but does not actively contribute to damaging the body part." *Id.* at 422. In other words, a mere susceptibility makes a person more vulnerable or susceptible to injury but does not contribute to the damage itself. We held in *Corkum* that, in determining whether the claimant's otherwise compensable injury was the major contributing cause of a combined condition involving an abdominal hernia, the board had mistakenly relied on a "susceptibility"—a weakness in

the claimant's abdominal wall that had predisposed him to hernias but that had not caused or actively contributed to the claimant's condition. *Id.* at 423. Although there was other evidence on which the board could have relied in support of its conclusion that the claimant had a preexisting condition—including a previous repaired hernia and its failure—we remanded the case to the board for reconsideration, concluding that we could not say that the doctor's "findings about claimant's abdominal wall weakness did not influence the board's resolution of the case." *Id.* at 424.

Claimant contends that here, as in *Corkum*, the board mistakenly relied on a medical opinion that describes no evidence of a contribution from the preinjury condition "beyond increased susceptibility" of the affected disc. That weakened disc, claimant contends, made a passive contribution to claimant's current injury, in that it made claimant more vulnerable and allowed the herniation to happen but, as in *Corkum*, did not cause or "actively contribute" to the condition and, therefore, cannot be considered in determining whether the work incident was the major contributing cause of any combined condition.

We reject claimant's reading of Vessely's opinion and its understanding of the board's order. In his multiple opportunities to address the nature of claimant's preexisting conditions, Vessely repeatedly referred to claimant's recurrent disc herniation and two prior laminectomies and discectomies at L5-S1 as preexisting conditions. For example, in response to a question whether he was aware of any preexisting condition, Vessely opined:

> "The patient definitely has a preexisting process in his low back. This man has had prior disc herniations at L5-S1. He has had two prior surgeries in 2000 and 2008 for right-sided disc herniation with disc excisions."

And, on multiple occasions, Vessely described prior herniations and surgeries as the major contributing cause of claimant's current disc herniation. It is true, as claimant contends, that Vessely also opined that claimant's disc was more susceptible to injury after the prior herniations and surgeries. However, Vessely explained that the described herniations and surgeries did not create a *mere* susceptibility; they were

injuries and treatments that themselves "actively" caused the condition of claimant's back and, as Vessely opined, constituted a "preexisting process" that was the major contributing cause of claimant's disc herniation.

Further, unlike in *Corkum*, here the board did not treat the weakened disc itself as the preexisting condition.[1] Rather, the board found that "claimant's preexisting disc herniations and surgeries were the major contributing causes of his disability/need for treatment and did not merely render him more susceptible to his injury." We conclude that substantial evidence supports that finding and that SAIF met its burden to show that claimant's incident at work combined with a preexisting condition that was the major contributing cause of claimant's need for treatment and disability. We therefore affirm the board's order.

Affirmed.

---

[1] The board explained:

"Although Dr. Vessely's opinion supports the proposition that claimant was indeed 'susceptible' to another disc herniation, his reasoning goes beyond mere susceptibility and explains how the preexisting conditions combined with the work injury, and why they were contributing causes of the disability and need for treatment of that combined condition."