Argued and submitted May 24, reversed and remanded for reconsideration November 13, 1991, reconsideration denied March 4, petition for review denied April 28, 1992 (313 Or 210)

In the Matter of the Compensation of
Rita R. Spurgeon, Claimant.

LIBERTY NORTHWEST INSURANCE CORP.
and Sacred Heart General Hospital,
*Petitioners,*

*v.*

Rita R. SPURGEON,
*Respondent.*

(WCB No. 86-02697; CA A67035)

820 P2d 851

Stafford J. Hazelett, Portland, argued the cause and filed the brief for petitioners.

W. Daniel Bates, Jr., argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Riggs, J., dissenting.

### WARREN, P. J.

Employer seeks review of a Workers' Compensation Board order that held that claimant's carpal tunnel syndrome is compensable as an occupational disease. We reverse.

Employer does not challenge the Board's findings, which it adopted from the referee's order. Claimant worked in employer's food service for eight years. Her job required significant repetitive motions with both hands. Claimant's off-the-job activities included crocheting and bowling. The Board found that "idiopathic"[1] factors, such as claimant's age, gender and borderline diabetes, were either a predisposition to or the major cause of her carpal tunnel syndrome. It also found that her work activities materially contributed to the condition, and that, as between activities off the job and on the job, work activities contributed more.

The Board concluded that the claim was compensable. It held that claimant's predisposition or idiopathic causes should not be considered and compared only her activities on and off the job to decide which of those *activities* were the major cause of the onset of her condition. Employer asserts that, in determining the major contributing cause, all factors that contributed to cause the disease must be considered, including idiopathic causes.

■ At the time relevant to this claim, an occupational disease was defined as

"[a]ny disease or infection which arises out of and in the scope of the employment, and to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein." ORS 656.802(1)(a).

A disease is compensable if work activities are the major contributing cause of the disease or an aggravation or exacerbation of it. *Dethlefs v. Hyster Co.*, 295 Or 298, 310, 667 P2d 487 (1983); *SAIF v. Gygi*, 55 Or App 570, 573, 639 P2d 655, *rev den* 292 Or 825 (1982).

■ The Board concluded that causes of a disease that are personal to a claimant and independent of anything that happens off the job or on the job should not be considered in

---

[1] The Board made it clear that, by "idiopathic," it meant "peculiar to the individual," rather than "unexplained."

deciding whether work is the major contributing cause of the claimant's disease, relying in part on the principle that an employer takes the employee as it finds her. That analysis fails to take into consideration the difference between a susceptibility or predisposition to a disease and a disease that is actually *caused* by idiopathic factors, independently of a claimant's activities or exposures anywhere. An employer is responsible for a disease that a claimant who has a particular susceptibility or predisposition develops due in major part to conditions at work. The predisposition to disease is not a bar to compensability, if work causes the disease. In that sense, the employer takes the employee as it finds her. If, in contrast, a claimant develops a disease in major part because of factors personal to her that are independent of any activities or exposures either off or on the job, the claim is not compensable, even if work contributed to some degree to causing the disease. All *causes* of a disease, as opposed merely to a susceptibility or predisposition, must be considered in determining which, if any, was the major contributing cause.

*Dethlefs v. Hyster Co., supra,* and *SAIF v. Gygi, supra,* do not compel or suggest a contrary result. In both of those cases, the claimants had a disease that was caused both by exposures on the job and off the job. The question was which of those exposures was the major contributing cause of the disease. Neither case involved either a predisposition or idiopathic causes that combined with work-related activities or exposures to cause the disease.

■     The Board's order, adopted from the referee, says, in part:

> "This case turns on what causative agents are being compared in applying the major cause test. If one is comparing on the job factors with all other causative factors, then the claim is not compensable. If one is comparing only on the job factors with off the job factors without considering claimant's *predisposition,* then the claim is compensable.

> "The clear weight of the medical evidence is that claimant's work is a material cause of her carpal tunnel syndrome. The clear weight of the evidence is also that the work exposure is a greater cause than any of claimant's off the job activities. Finally, the clear weight of the evidence is that *claimant's idiopathic factors* including her age, gender and

borderline diabetes *are a greater factor than either her on the job or off the job activities*." (Emphasis supplied.)

The Board did not distinguish between a predisposition and idiopathic causes. We cannot tell whether it found that the idiopathic factors were *causes* of claimant's carpal tunnel syndrome or whether they merely existed as conditions that made her *susceptible* to carpal tunnel syndrome. Accordingly, we remand to the Board to make that determination and to enter an appropriate order in the light of this decision.

Reversed and remanded for reconsideration.

**RIGGS, J.,** dissenting.

Even if claimant's idiopathic condition, in comparison with the workplace condition, would be considered the major *factor* in her resulting carpal tunnel syndrome, it seems to me that her workplace activities were the major contributing *cause,* as contemplated in *former* ORS 656.802(1)(a). Only if non-work conditions, *other than idiopathic propensities,* outweigh workplace conditions can we say that the workplace conditions did not constitute a major contributing cause of her disease. The referee and the Board did not err in comparing only activities on and off the job to decide whether the workplace activities were the major contributing cause of claimant's carpal tunnel syndrome.

The majority appears to conclude that idiopathic conditions can be non-work conditions to which a claimant is ordinarily subjected or exposed. That conclusion is contrary to the statutory definition of occupational disease, which uses language that contemplates external causative forces, and to the spirit of the Workers' Compensation Law.

For this case, an occupational disease is:

"Any disease or infection which arises out of and in the scope of the employment, and to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein." *Former* ORS 656.802(1)(a).

To prove an occupational disease, a claimant first must show that the disease "arises out of and in the scope of the employment." We have previously compared that language to similar language in the definition of "compensable injury" in ORS

656.005(7)(a) and determined that the unitary work-connection analysis for compensable injuries also applies to occupational diseases. *SAIF v. Noffsinger,* 80 Or App 640, 645, 723 P2d 358, *rev den* 302 Or 342 (1986). "If the relationship between the disease and the employment is sufficient, then the disease arises out of and in the scope of employment." 80 Or App at 645. When a compensable injury is involved, work-connection is established if the work activity is a material contributing cause of the injury.

However, under *former* ORS 656.802(1)(a), a second requirement must be satisfied to prove an occupational disease. A claimant must also prove that the disease is one "to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein." In other words, a claimant also must prove that work conditions or exposures, when compared with non-work conditions or exposures, were a major contributing cause of the disease. *Dethlefs v. Hyster Co.,* 295 Or 298, 310, 667 P2d 487 (1983); *SAIF v. Noffsinger, supra,* 80 Or App at 645-46. The language of the second requirement—that an employe not be *subjected or exposed*—contemplates external forces that cause the disease, not internal forces peculiar to the individual. Once work-connection is proved, on the job conditions and exposures must be compared with off the job conditions and exposures to determine the major contributing cause. That is what the referee and the Board correctly did.

The referee and the Board also correctly stated well-settled principles that the employer takes the worker as it finds her and that the Workers' Compensation Act is to be liberally construed in favor of injured workers. Under those principles, an employer is liable for disability, even if the worker has a preexisting condition, if the workplace injury contributes to the disability. The Workers' Compensation Law "prescribes no standard of physical fitness to which the employee must conform, and compensation is not based on any implied warranty of perfect health." *Keefer v. State Ind. Acc. Commission,* 171 Or 405, 412, 135 P2d 806 (1943).[1] The

---

[1] The court in *Keefer* also noted that "[t]he great weight of authority is to the effect that the existence of a * * * disease which does not impair the employee's ability to work will not prevent his recovery of compensation if an accident accelerates the disease to a degree of disability[.]" 171 Or at 412. That should also be true when work conditions or exposures accelerate a disease to a disability.

majority's conclusion that idiopathic conditions must be taken into consideration in determining the major contributing cause effectively eliminates that principle in the occupational disease context. Workers whose idiopathic conditions, such as age and sex, may render them more vulnerable to work conditions that cause disease will be at a great disadvantage in showing persuasively that work conditions or exposures were a more important causative factor than the idiopathic conditions. The majority, in effect, is requiring a warranty of health, and that is not required under the Workers' Compensation Law.

For these reasons, the majority is wrong, and I dissent.