Argued and submitted March 9, affirmed October 20, 1993

In the Matter of the Compensation of
Rodney T. Buckallew, Claimant.

PORTLAND ADVENTIST MEDICAL CENTER,
*Petitioner,*

*v.*

Rodney T. BUCKALLEW,
*Respondent.*

(90-06594; CA A74163)

861 P2d 380

Patric J. Doherty argued the cause for petitioner. With him on the brief were Karli L. Olson and VavRosky, MacColl, Olson, Doherty & Miller, P.C.

Robert Wollheim argued the cause for respondent. With him on the brief was Welch, Bruun & Green.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Employer seeks review of an order of the Workers' Compensation Board that set aside its denial of claimant's occupational disease claim. At issue is whether diabetes-related neuropathy was merely a predisposition to or was a cause of claimant's Charcot's joint, a form of arthritis characterized by erosion and destruction of the joint surfaces and components. Employer disputes the Board's finding that claimant's neuropathy is not an idiopathic cause of his condition. It asserts that the incorrect finding led the Board into the legal error of not weighing claimant's neuropathy against his work activities to determine which was the greater factor. We review to determine whether the Board's findings are supported by substantial evidence. ORS 656.298(6); ORS 183.482(8); *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990). We affirm.

Claimant is a diabetic who suffers from neuropathy, a progressive loss of sensory perception, in his left foot. He worked for employer as a transportation orderly, escorting patients to and from radiology, helping technicians and working in the file room. His job involved a great deal of walking.

While he was at work on November 7, 1989, claimant experienced pain and swelling in his left calf, ankle and foot. He was unable to work for three days. He then worked until January 12, 1990, when he could no longer perform his duties. Claimant's condition was ultimately diagnosed as Charcot's joint and tendinitis. Employer accepted a claim for the initial swelling, but rejected all other claims for the ankle condition. Claimant requested a hearing on the denial.

The referee found that claimant's work activity was a material contributing cause of his tendinitis and that treatment of the tendinitis accelerated and worsened the progression of the Charcot's joint. It also found that "[c]laimant's diabetic neuropathy created a predisposition to development of Charcot's joint, but did not cause the condition." On review, the Board adopted the referee's findings and added that "repetitive microtrauma due to walking at work was the major contributing cause of claimant's Charcot's joint condition."

Employer contends that the evidence shows that claimant's neuropathy was not merely a predisposition to Charcot's joint but was, instead, a cause of the disease. Because the Board erroneously excluded the neuropathy from its causation analysis, employer argues, its decision should be reversed and remanded. We disagree.

To establish that his Charcot's joint is compensable under ORS 656.802(1)(c) (*since amended by* Or Laws 1990 (Special Session), ch 2, § 43), claimant must prove that his on-the-job walking constituted a "series of traumatic events or occurrences" that were the major contributing cause of his condition. *Aetna Casualty Co. v. Aschbacher*, 107 Or App 494, 502, 812 P2d 844, *rev den* 312 Or 150 (1991). There is, however, a distinction between the cause of a disease and a predisposition to the development of that disease. As we explained in *Liberty Northwest Ins. Corp. v. Spurgeon*, 109 Or App 566, 569, 820 P2d 851 (1991), *rev den* 313 Or 210 (1992):

> "An employer is responsible for a disease that a claimant who has a particular susceptibility or predisposition develops due in major part to conditions at work. The predisposition to disease is not a bar to compensability, if work causes the disease. In that sense, the employer takes that employee as it finds her. If, in contrast, a claimant develops a disease in major part because of factors personal to her that are independent of any activities or exposures either off or on the job, the claim is not compensable, even if work contributed to some degree to causing the disease."

Here, the Board's finding that claimant's neuropathy is but a predisposition to, and not a cause of, his Charcot's joint is borne out by the evidence.

Claimant's treating endocrinologist explained how Charcot's joint develops. Ordinarily, a person will avoid repetitive trauma that causes microfractures in the bones of the ankle, because a person has "a sense of where those joints are." However, a person who has a neuropathic joint has a "loss of position sense known as proprioception." Without proprioception, a person cannot feel the pain and, therefore, does nothing to avoid the trauma that leads to Charcot's joint. He referred to the neuropathy as a "pre-condition" to Charcot's joint, but clarified that this means that the neuropathy

creates a susceptibility to the disease. What causes the Charcot's disease is "repeated trauma."

The reviewing internist testified that claimant's condition was a function of a combination of neuropathy, tendinitis and work-related trauma. Neuropathy alone, he testified, was not the cause of claimant's condition; it only made claimant more susceptible to injury. He further stated that Charcot's joint can occur without neuropathy and that, although the genesis of claimant's condition was very difficult to describe, what caused claimant's condition was his "work situation."

Claimant's orthopedic surgeon testified that neuropathy is an "essential element" of Charcot's joint, but only in the sense that it creates conditions under which trauma can create the damage to the joint without notice.

In short, the evidence shows that neuropathy only causes loss of feeling. The loss of feeling, in turn, prevents the person with neuropathy from avoiding trauma. Once the joint has been injured, the risk of damage is increased. The loss of feeling does not itself create trauma; it is trauma that causes the Charcot's joint. All of the evidence shows that claimant's on-the-job walking caused trauma to his ankle, and employer does not argue that claimant suffered contributory trauma from any off-the-job activities. The Board's findings are supported by substantial evidence.

Employer's argument concerning attorney fees requires no discussion.

Affirmed.