Argued and submitted June 5, reversed and remanded October 15, 2008

In the Matter of the Compensation of
Kirk J. Murdoch, Claimant.

Kirk J. MURDOCH,
*Petitioner,*

*v.*

SAIF CORPORATION
and SB, Inc. - Sherman Brothers,
*Respondents.*

Workers' Compensation Board
0507098, 0603782; A135297

194 P3d 854

David C. Force argued the cause and filed the briefs for petitioner.

David L. Runner, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

## SCHUMAN, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) denying his occupational disease claim. At issue is whether the board correctly characterized claimant's diabetes, a condition unrelated to employment, as the major contributing cause of the disease that required amputation of his toe, thereby rendering the amputation noncompensable. Claimant contends that the diabetes merely rendered him "more susceptible to" the disease and was therefore not a contributing cause of it. ORS 656.005(24)(c). We conclude that the board's decision is not supported by substantial reason; the facts do not lead logically to the board's legal conclusion. *See Drew v. PSRB*, 322 Or 491, 500-01, 909 P2d 1211 (1996) (agency order must show reasoning that leads from facts to conclusion). We therefore reverse and remand.

■ The statutory provisions at the center of this case require that, in order to receive workers' compensation for medical treatment of a disease, a worker "must prove that employment conditions were the major contributing cause" of the need for that treatment. ORS 656.802(2)(a). Thus, if the major contributing cause is a preexisting condition that is not related to employment, the treatment is not compensable. However—and here lies the dispute—if a preexisting condition "merely renders the worker *more susceptible*" to the disease that needs treatment, as opposed to *causing* it, then that preexisting condition does not contribute to the need for treatment. ORS 656.005(24)(c) (emphasis added); *Multnomah County v. Obie*, 207 Or App 482, 487-89, 142 P3d 496 (2006); *Liberty Northwest Ins. Corp. v. Spurgeon*, 109 Or App 566, 569, 820 P2d 851 (1991), *rev den*, 313 Or 210 (1992). In the present case, the parties agree that claimant's preexisting condition, diabetes, was not work related. Claimant argues that the diabetes merely rendered him *more susceptible* to the infection that ultimately caused the need for amputation. The board concluded that claimant's diabetes was the major contributing *cause* of the need for amputation and, for that reason, upheld the insurer's denial of compensation. For the reasons that follow, we agree with claimant. We therefore reverse and remand.

The relevant facts are few and, on judicial review, undisputed. Claimant worked for Sherman Brothers Trucking as a lube technician and, for safety reasons, wore steel-toed boots while working. The boots caused him to develop a blister on his right great toe. The blister became infected, and the infection ultimately led to the need for amputation of the toe.

Claimant has diabetes. As one aspect of that condition, he had a progressive loss of sensory perception in his extremities, including his right foot. That loss of sensory perception is known as diabetic neuropathy. According to claimant's attending physician, Dr. Bourne, claimant's diabetic neuropathy "made it less likely that [claimant] would notice the progressive infection ulcer until it was quite advanced." That delay, in turn, resulted in the need for amputation. In Bourne's opinion, diabetic neuropathy "contributed to [the infection's] severity but did not cause the infection independently. Diabetes is not an infectious disease."

A different physician, Dr. Landry, whose opinion the board found to be more persuasive than Bourne's, reported that, in addition to the diabetic neuropathy, another aspect of diabetes, microvascular disease, was a factor in the infection and need for amputation. Landry acknowledged that one way that claimant's diabetic neuropathy contributed to the severity of the infection was because of the lack of sensation in his foot, which caused him not to notice the infection until it was fairly advanced. He explained that "[t]his is something we see very frequently in people with diabetes and diabetic neuropathy, that they develop small foot lesions that lead to significantly bigger problems than in someone who didn't have diabetes" because "people with normal sensation in their foot are more aware of problems before and as they arise than people with diabetic neuropathy." He also explained that "people with diabetes have what we call microvascular disease, so that oftentimes * * * they're not able to mount as strong of a response to these types of insults and these types of infections." Landry concluded that "the major contributing cause of [claimant's] condition was the diabetes and diabetic neuropathy."

Claimant filed this petition for judicial review. On review, he argues that the board's determination that his diabetes was the major contributing cause of the infection in his

toe is not supported by substantial reason. Acknowledging that his diabetic neuropathy did make him less likely to recognize the seriousness of an infection and thus contributed to the eventual severity of the infection at issue in this case, he contends that the neuropathy did not in any way "cause" that infection. Rather, he submits that his neuropathy was no more than a predisposition to infection—a vulnerability—and, as such, cannot be said to have caused it. SAIF responds that claimant's diabetic condition was not merely a predisposition or susceptibility because, in addition to the loss of sensation that made it more difficult for claimant to detect the infection, claimant's " 'microvascular disease' * * * contributed to the occurrence of the skin lesion in the foot that led to the infection and ultimately to the * * * amputation."

We note preliminarily that the different physicians' characterizations of the sequence of events leading to the need for amputation are of limited relevance. The medical facts on review are: first, claimant had diabetes and, along with it, microvascular disease and diabetic neuropathy; and second, without those conditions, claimant's blister would not have become so severely infected as to require amputation. Whether that factual sequence of events fits within the statutory exception to contributory causation in ORS 656.005(24)(c)—mere susceptibility—is a legal question involving statutory interpretation. *See Young v. Hermiston*, 223 Or App 99, 105, 194 P3d 857 (2008) (meaning of "medical condition" in workers' compensation statute is question of law, not medical fact); *Karjalainen v. Curtis Johnston & Pennywise, Inc.*, 208 Or App 674, 681, 146 P3d 336 (2006), *rev den*, 342 Or 473 (2007) (meaning of statutory term "arthritis" in workers' compensation is legal question of statutory interpretation, not medical fact).

■ We have already held, under similar medical facts, that diabetic neuropathy is a predisposition and not a contributing cause. In *Portland Adventist Medical Center v. Buckallew*, 124 Or App 141, 861 P2d 380 (1993), the claimant had developed a joint condition as the result of repeated trauma caused by employment-related walking. We agreed with the insurer that the claimant's diabetic neuropathy caused loss of feeling and that such loss prevented the claimant from avoiding trauma. We nonetheless held that "[t]he

loss of feeling does not itself create trauma; it is trauma that causes the [joint condition]. All of the evidence shows that claimant's on-the-job walking caused trauma to his ankle." *Id.* at 145. Although the claimant in *Portland Adventist Medical Center* sought compensation for an arthritic condition and not for an infection, that distinction is not relevant to our conclusion, *i.e.*, when diabetic neuropathy leads to lack of sensation, and that lack of sensation prevents the diabetic from noticing trauma, and repeated trauma causes the need for treatment, the diabetic neuropathy is a mere predisposition and not a contributing cause.

SAIF does not disagree. Rather, it argues that the aspect of claimant's diabetic condition that resulted in the amputation was not merely neuropathy, but also, as Landry asserted, microvascular disease. Even assuming that the evidence supports SAIF's argument that claimant had microvascular disease, the evidence shows that microvascular disease did not, as SAIF claims, "contribute[ ] to the occurrence of the skin lesion in the foot that led to the infection and ultimately to the * * * amputation." Rather, Landry's testimony indicates only that microvascular disease, in his words, renders a patient "[*un*]*able to mount as strong of a response* to these types of insults and these types of infections." (Emphasis added.) We cannot conceive of a more succinct example of "merely render[ing]" a person "more susceptible" than rendering the person "[un]able to mount as strong of a response." *See Webster's Third New Int'l Dictionary* 2303 (unabridged ed 2002) (defining "susceptible" to mean, among other things, "having little resistence to a specific infectious disease").

Thus, the board's conclusion that claimant's diabetes and diabetic neuropathy were the major contributing cause of his infection and resulting toe amputation is not supported by substantial reason; the board's conclusion does not follow from the facts in the record. There is no dispute as to the sequence of events: claimant repeatedly rubbed his toe against his steel-toed boot; the friction caused a blister; that blister became infected; and the infection led to a need for amputation. Claimant's diabetic condition therefore "merely render[ed] [him] more susceptible to" the infection, ORS 656.005(24)(c), either as a result of a lack of sensation or decreased ability to "mount as strong of a response" to the

infection. Because this susceptibility cannot, in accordance with ORS 656.005(24)(c), be considered a "cause" for purposes of determining "major contributing cause" under ORS 656.802(2)(a), the board erred in its conclusion. Furthermore, because the only other evidence in the record supports claimant's position that the friction from his work boots caused the lesion in his toe that eventually became infected, we also conclude that claimant's amputation is compensable.

Reversed and remanded.