Argued and submitted September 21, 2015, affirmed May 3, 2017

In the Matter of the Compensation of
Doris L. Lowells, Claimant.

Doris L. LOWELLS,
*Petitioner,*

*v.*

SAIF CORPORATION
and HCW Clients,
*Respondents.*

Workers' Compensation Board
1202172; A155678

396 P3d 241

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Julie Masters argued the cause and filed the brief for respondents.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

## HADLOCK, C. J.

Claimant seeks judicial review of an order of the workers' compensation board holding that her chronic pain disorder is not compensable as an occupational disease, because its major contributing cause are factors personal to claimant, such as her weight, deconditioning, and history of chronic tobacco use. Because it concluded that claimant's work was not the major contributing cause of her chronic back pain, the board did not expressly address whether that pain constituted an occupational disease. On judicial review, claimant contends that the board erred in considering factors personal to claimant in evaluating the cause of claimant's back symptoms. In reviewing the board's order for substantial evidence and errors of law, ORS 183.482(8), we conclude that the board did not err and therefore affirm.

The facts are largely undisputed. Claimant has worked for many years as a home health care worker. Claimant's doctors described claimant's work as strenuous. Claimant has a history of low-back injuries for which she did not seek compensation, as well as one accepted claim for a lumbosacral strain based on an injury in 2011. That claim closed without an award of permanent disability. In January 2012, claimant filed the occupational disease claim at issue here, asserting that her years working as a home health care worker have caused an occupational disease that she describes as chronic back pain.

In medical examinations, claimant complained of pain during work and other activities. Medical imaging revealed mild degenerative changes in claimant's low back, but doctors opined that the changes were normal for claimant's age and were not related to her work. Doctors explained that there were no other objective findings or abnormalities that could explain claimant's pain. They expressed the opinion that claimant's work was a "significant" contribution to her symptoms but that factors personal to claimant were the major contributing cause of her symptoms.

Dr. Ingle, claimant's attending physician, testified by deposition that "none of [claimant's] work activities are responsible for her current symptoms of discomfort with activity." Ingle testified that "if there's anything that's really

causing her symptoms, it's really her deconditioning, her age, her weight, et cetera, and not adequately making herself physically fit for the job that she currently has." Dr. Staver, who conducted an independent medical examination for SAIF, opined in a written report that "the fact that there is very little in the way of objective findings to substantiate the diagnosis leads me to conclude that the major contributing cause of her low back condition relates to other factors, including her weight and deconditioning." Both doctors affirmatively opined that claimant's work was not the major contributing cause of her symptoms and that she could engage in the physically demanding tasks of her job with less discomfort if she strengthened her core muscles, stopped smoking, and lost some weight.

SAIF denied claimant's claim for an occupational disease. After a hearing, an administrative law judge and the board upheld the denial. The board acknowledged claimant's contention that a specific diagnosis was not required to establish a compensable occupational disease. But, citing what the board described as medical evidence "that personal factors (*e.g.*, claimant's age, weight, and overall deconditioning) were the major contributors to her low back pain," the board concluded that, "even if claimant's pain complaints constituted a 'condition' for purposes of an occupational disease claim, the record does not persuasively establish that her work activities were the major contributing cause of her symptoms."[1]

On judicial review, claimant asserts that the personal factors on which the board relied were not *causes* of claimant's back pain but, rather, were personal susceptibilities or predispositions that could not legally be taken into account in determining major contributing cause. Claimant's primary argument is a legal one. She contends that, because the personal factors (like age) can be classified as susceptibilities or predispositions, as a matter of law, they cannot also be said to have *caused* her symptoms. Claimant expresses particular concern about the board's reference to claimant's age as a factor in causing her symptoms.

---

[1] Thus, the board resolved the claim based on a lack of causation and did not address whether claimant's chronic low-back pain would constitute an occupational disease.

In evaluating claimant's arguments, we start with ORS 656.802(1), which defines an occupational disease as

"any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death, including:

"* * * * *

"(C) Any series of traumatic events or occurrences which requires medical services or results in physical disability or death."

The claimant bears the burden to establish that employment conditions were the major contributing cause of the occupational disease. ORS 656.802(2)(a).

The major contributing cause of a disease is the primary cause—*i.e.*, the cause that contributes more than all other causes combined. *Bowen v. Fred Meyer Stores*, 202 Or App 558, 563-64, 123 P3d 367 (2005), *rev den*, 341 Or 140 (2006). In *Liberty Northwest Ins. Corp. v. Spurgeon*, 109 Or App 566, 569, 820 P2d 851 (1991), *rev den*, 313 Or 210 (1992), we explained that the major contributing cause of a disease must be determined by a weighing of all causes, as distinct from susceptibilities and predispositions.[2] Thus, a worker's personal factors are part of the equation, if, and only if, they are causes.[3] *See id.* (explaining "the difference between a

---

[2] In *Spurgeon*, we said:

"The predisposition to disease is not a bar to compensability, if work causes the disease. In that sense, the employer takes the employee as it finds her. If, in contrast, a claimant develops a disease in major part because of factors personal to her that are independent of any activities or exposures either off or on the job, the claim is not compensable, even if work contributed to some degree to causing the disease. All *causes* of a disease, as opposed merely to a susceptibility or predisposition, must be considered in determining which, if any, was the major contributing cause."

109 Or App at 569. (Emphasis in original.)

[3] Preexisting conditions that are "causes" are also to be considered in determining major contributing cause. ORS 656.802(2)(e). In the occupational disease context, a preexisting condition is

"any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment and that precedes the onset of the claimed occupational disease[.]"

ORS 656.005(24)(b). SAIF does not assert that claimant's personal factors are preexisting conditions, *per se*.

susceptibility or predisposition to a disease and a disease that is actually *caused by* idiopathic factors" (emphasis in original); *see also Multnomah County v. Obie*, 207 Or App 482, 486-88, 142 P3d 496 (2006) (a mere "vulnerability" is not a contributing preexisting condition); *Portland Adventist Medical Center v. Buckallew*, 124 Or App 141, 144-45, 861 P2d 380 (1993) (medical evidence was that claimant's neuropathy created a susceptibility but did not cause the condition).

We recently said in *Corkum v. Bi-Mart Corp.*, 271 Or App 411, 419, 350 P3d 585 (2015), that "a condition merely renders a worker more susceptible to injury if the condition increases the likelihood that the affected body part will be injured by some other action or process but does not actively contribute to damaging the body part." Ultimately, whether a condition only increases the likelihood of injury or disease but does not actively contribute to the damage is a medical question. *Buckallew*, 124 Or App at 144-45 (relying on medical evidence that trauma, and not the claimant's neuropathy, was the cause of his occupational disease).

Here, claimant contends that the board should not have relied on her age, weight, and deconditioning as relevant causes, because those factors personal to claimant are mere susceptibilities or predispositions, not causes of claimant's symptoms. Again, we emphasize that claimant's primary argument is a legal one. She contends that, as a matter of law, her personal factors cannot be considered contributing causes of her claimed condition. That argument fails in light of our decisions in *Spurgeon* and *Obie*.

To the extent that claimant may also be arguing that the record does not support the board's finding of a causal link between her personal factors and her back pain, we disagree. As described, both Ingle and Staver expressed the opinion that claimant's weight and deconditioning together were the major contributing cause of her symptoms. Those opinions constitute medical evidence on which the board could rely for its finding that claimant's weight and deconditioning were causes, not just susceptibilities or predispositions of claimant's symptoms. Those opinions also support the board's conclusion that factors other than

claimant's work were the major contributing cause of her symptoms.

Finally, claimant has suggested that a worker's occupational disease should not be deemed noncompensable simply because the worker who suffers that disease is older and has worked for many years. In this case, though, we need not determine whether there are any circumstances under which age, *per se*, could be said to cause an occupational disease, rather than merely making a worker more susceptible to it. Ingle's reference to age as a contributing factor appears to have been intertwined with his determination that claimant's deconditioning contributed to her back pain. Read in context, neither his statements, nor the board's reference to them, suggests that the board actually determined that claimant's age was a causative factor independent of her deconditioning. And, in the end, the board was not persuaded that claimant had established that work was the major contributing cause of her pain.

Thus, we reject claimant's argument that the board erred when it determined that claimant's back chronic pain is not compensable—even if it is an occupational disease—because that pain is caused in major part by factors personal to claimant. Accordingly, we do not reach claimant's second assignment of error, in which she contends that the board at least implicitly (and erroneously) concluded that her chronic back pain is not an occupational disease.

Affirmed.