EGAN, C.J.
*350 Claimant was employed as a hospitalist physician by Bend Memorial Clinic, PC. Claimant's primary work site was St. Charles Hospital, and he was injured when he slipped and fell on ice in the hospital parking lot while on his way to work. Employer and SAIF seek judicial review of an order of the Workers' Compensation Board upholding the compensability of claimant's injury. We review the board's order for substantial evidence and errors of law, ORS 656.298(7) ; ORS 183.482, conclude that the board did not err, and affirm.
We take our summary of the facts from the board's order. Employer Bend Memorial Clinic contracted to provide medical services to St. Charles Hospital, and employed claimant to work at St. Charles Hospital as a hospitalist. Claimant's job required him to make rounds at the hospital, complete charts, and, when he was not at the hospital during his shift, to be available on short notice via pager. Claimant does not have an office at *661 the hospital or at Bend Memorial Clinic but he has an office in his home, where he works when he is not required to be at the hospital, answering calls and responding to pages from nurses regarding patient care. Employer provides claimant with a computer and access to medical records and research tools for his use in his home office.
According to claimant's testimony, on the day of his injury, claimant's shift began at 7:00 a.m. He turned on his pager while still at home at 7:00 a.m. and left for the hospital at 7:15 a.m. He slipped on ice and fell in the hospital parking, fracturing his right leg.
Claimant sought workers' compensation benefits, and SAIF denied the claim, asserting that the injury did not arise out of and within the course and scope of employment. See ORS 656.005(7)(a) ("A compensable injury is an accidental injury *** arising out of and in the course of employment.").
Claimant requested a hearing. An administrative law judge (ALJ) overturned SAIF's denial, and the board affirmed the ALJ's order. Before the board, SAIF did not *351 dispute that claimant's injury arose out of his employment, but contended that compensability was precluded by the "going and coming" rule, because, at the time of his injury, claimant was going to work and therefore was not in the course of his employment. See Krushwitz v. McDonald's Restaurants , 323 Or. 520, 526, 919 P.2d 465 (1996) ("The general rule in Oregon-the 'going and coming rule'-is that injuries sustained while an employee is traveling to or from work do not occur in the course of employment and, consequently, are not compensable.").
In upholding the compensability of the claim, the board reasoned that the "going and coming" rule did not preclude compensability, because claimant was in the course of his employment at the time of his injury. The board explained:
"[T]his case involves a claimant who was injured during a regular period of employment, at a place where he reasonably would be expected to be at that time, and doing something reasonably incidental to the fulfillment of his duties. Such circumstances establish that claimant was 'on duty' and 'subject to the employer's direction and control,' and his employment was not 'suspended,' when he was injured."
One board member dissented, agreeing with SAIF that claimant's injury did not occur in the course of employment. Although claimant's shift had begun, the dissenting board member reasoned, the going and coming rule applied, because claimant had not worked before leaving the house and, therefore, there was no "time, place, and circumstances" connection between the employment and the injury.
On judicial review, SAIF disputes the board's conclusion that claimant was in the course of his employment while travelling to the hospital. As asserted by the board member, SAIF contends that, because claimant had not performed any work in his home office in the morning before he left for work and had not been paged, he was not travelling between work sites when he was injured, but was simply going to work. Because claimant was simply going to work, SAIF asserts, the "going and coming" rule precludes compensability.
*352 In determining whether an injury occurs in the course of employment, we look at the time, place, and circumstances of the injury. Robinson v. Nabisco, Inc ., 331 Or. 178, 186, 11 P.3d 1286 (2000). An injury occurs in the course of employment if it takes place during a period of employment, at a place where the worker reasonably may be expected to be, and while the worker is fulfilling duties of the employment or doing something reasonably incidental to the employment. Fred Meyer, Inc. v. Hayes , 325 Or. 592, 598, 943 P.2d 197 (1997).
Injuries suffered when a worker is traveling to or from work generally are excluded from the course of employment because, during that time, the worker is not rendering a service to the employer. Krushwitz , 323 Or. at 526-27, 919 P.2d 465. That principle is expressed in the "going and coming" rule, which we recently described in U. S. Bank v. Pohrman , 272 Or. App. 31, 44, 354 P.3d 722, rev. den. , 358 Or. 70, 363 P.3d 501 (2015) :
*662 "The going and coming rule provides generally that injuries sustained while an employee is travelling to or from work do not occur in the course of employment. Krushwitz [, 323 Or. at 526-27 [919 P.2d 465] ]; see also Philpott [v. State Ind. Acc. Com. , 234 Or. 37, 40-41, 379 P.2d 1010 (1963) ] (stating principle). The reasoning behind the going and coming rule is 'that the relationship of employer and employee is ordinarily suspended from the time the employee leaves his work to go home until he resumes his work, since the employee, during the time that he is going to or coming from work, is rendering no service for the employer.' Id. at 40-41 [379 P.2d 1010] (internal quotation marks omitted). The going and coming rule applies to injuries occurring both before and after the workday, in addition to injuries occurring while the employee is going to or coming from a break. [ Enterprise Rent-A-Car Co. of Oregon v. Frazer , 252 Or. App. 726, 730-31, 289 P.3d 277 (2012), rev. den. , 353 Or. 428, 299 P.3d 889 (2013) ].
"But the going and coming rule is not implicated at all-that is, the rule is never triggered-when a worker has not left work. Thus, the going and coming rule generally does not apply when the worker, although not engaging in his or her appointed work activity at a specific moment in time, still remains in the course of employment *353 and, therefore, has not left work. Sometimes that occurs because the worker is 'still "on duty" and otherwise subject to the employer's direction or control. ' Frazer, 252 Or. App. at 731 [289 P.3d 277]."
(Emphasis added.) Here, the board found that, at the time of his injury, claimant was in a regular period of employment and was subject to employer's direction and control. We have reviewed the record and conclude that the board's findings are supported by substantial evidence. Claimant testified that, at the time of the injury, he was on duty and that, while on duty, he has an obligation to be available to hospital staff within 10 to 15 minutes of being paged.
The board concluded based on those findings that the going and coming rule did not preclude compensability, and we agree. A worker who is not engaged in any work activity at the time of the injury, but who is nonetheless subject to the employer's direction and control, is considered to be in the course of employment. See Robinson , 331 Or. at 189, 11 P.3d 1286 (fact that employer exercised control over claimant at the time of injury during medical evaluation indicates that injury occurred in the course of employment). And an injury incurred when the worker is going to work is compensable if the worker is within the employer's direction and control at the time of the injury. See Frazer , 252 Or. App. at 731, 289 P.3d 277 (The going and coming rule does not apply when, although the worker was injured while traveling to or from the workplace, the worker was still on duty or otherwise subject to the employer's direction and control.). Contrary to SAIF's contention, the facts that claimant had not been working at home and had not been paged at the time of his injury are not determinative. Andrews v. Tektronix, Inc. , 323 Or. 154, 163, 915 P.2d 972 (1996) (compensability "does not depend on demonstrable submission to the employer's right to direction and control at the precise moment in time that the injury was sustained"). At the time of his injury, claimant's shift had begun and he had a responsibility to respond to a page within a short period of time. Those facts support the board's findings that claimant was on duty and within employer's direction and control, which in turn are sufficient to support *354 its conclusion that claimant was within the course of his employment at the time of his injury.[1]
Affirmed.

In finding that, at the time of his injury, claimant was at a place where he might reasonably be expected to be and doing something that was reasonably incidental to his employment, the board implicitly found that travelling between home and the hospital was a part of claimant's employment. In light of our conclusion that the injury was compensable because claimant was on the job and within employer's direction and control at the time of the injury, we do not address that aspect of the board's rationale.