Argued and submitted December 20, 2018, affirmed October 30, 2019

In the Matter of the Compensation of
Christina King, Claimant.

Christina KING,
*Petitioner,*

*v.*

SAIF CORPORATION
and High Desert Education Service,
*Respondents.*

Workers' Compensation Board
1605695; A166455

452 P3d 1039

Claimant seeks judicial review of an order of the Workers' Compensation Board determining that her foot injury, which occurred when she slipped on ice in the parking lot of the school where she was teaching, is not compensable. Claimant contends that she was still in the course of her employment at the time of her injury, because, although the principal had released teachers for the day, the injury occurred during claimant's regular work hours and she could have been required to return to the building or help a student in the parking lot. *Held*: Because claimant had been released from and was leaving work at the time of her injury, under the going and coming rule, the injury did not occur in the course of claimant's employment.

Affirmed.

Aron D. Yarmo argued the cause for petitioner. Also on the briefs was Bailey & Yarmo, LLP.

Beth Cupani argued the cause and filed the brief for respondents.

Before Hadlock, Presiding Judge, and DeHoog, Judge, and Aoyagi, Judge.

HADLOCK, P. J.

Affirmed.

**HADLOCK, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board determining that her foot injury is not compensable. We review the board's order for substantial evidence and errors of law, ORS 656.298(7); ORS 183.482 (8)(a), (c). Having done so, we conclude that the board did not err. Accordingly, we affirm.

Employer, the High Desert Education Service District (employer or the HDESD), provides substitute teachers on contract for a number of school districts in Central Oregon. Claimant is a teacher and receives substitute teaching assignments from employer. Claimant accepted an assignment to provide long-term substitute teaching at an elementary school in Bend while another teacher was on parental leave.

Because claimant has not challenged the board's findings of historical fact, those findings establish the facts for purposes of judicial review, and our description of the facts is drawn from those findings. *Meltebeke v. Bureau of Labor and Industries*, 322 Or 132, 134, 903 P2d 351 (1995).

Claimant's regular shift at the school ended each day at 4:00 p.m. On the day she was injured, the school's principal had told teachers that, because of inclement weather, they should plan to leave school as soon as possible after students were released at 3:30. Claimant left her classroom shortly after students were dismissed, before 4:00 p.m. On her way out of the building, she encountered a student, whom she assisted. Then, as she walked to her car through the school's parking lot, she slipped and fell on ice, injuring her ankle.

Claimant filed a claim with employer, which denied the claim for the reason that claimant was not in the course of her employment at the time of the injury.[1] In affirming an order of an administrative law judge (ALJ), the board upheld employer's denial. The ALJ's order, adopted by the

---

[1] To be compensable, an injury must both arise out of and be in the course of the worker's employment. *Robinson v. Nabisco, Inc.*, 331 Or 178, 185, 11 P3d 1286 (2000). Only the "course of employment" prong is at issue here.

board, cited the "going and coming rule," under which injuries sustained while an employee is traveling to or from work do not occur in the course of employment. *See SAIF v. Massari*, 291 Or App 349, 420 P3d 659 (2018) (describing "going and coming" rule); *see also Krushwitz v. McDonald's Restaurants*, 323 Or 520, 526-27, 919 P2d 465 (1996) (same). The board concluded that, because claimant "had been released from work for the day and was no longer subject to the employer's direction and control," the going and coming rule applied, and claimant's injury did not occur in the course of her employment.

On judicial review, claimant contends that the board erred because, at the time of the injury, claimant was still in the course of her employment. Claimant acknowledges that the parking lot where she slipped on ice is not owned or controlled by the HDESD, and she does not challenge the board's determination that the "parking lot" exception to the "going and coming" rule does not apply.[2] Nonetheless, claimant contends that the parking lot was part of her employment premises, and she testified that, had she encountered a child in the parking lot in need of assistance, it would have been within her responsibility as a teacher to assist. Additionally, claimant notes that she was still technically "on the clock" and within her shift at the time she left the school at the principal's direction, and that if she had been required by the principal to return to the building before her shift ended at 4:00 p.m., she would have complied. Claimant cites those facts in support of her contention that her responsibilities as a teacher continued in the parking lot and that she therefore was in the course of her employment at the time of the injury.

---

[2] The board found that employer did not have any control over the parking lot where claimant was injured and it concluded that the "parking lot" exception to the "going and coming" rule did not apply. Under the "parking lot" exception, an injury sustained on premises controlled by the employer while the employee is going to or coming from work occurs within the "course of employment." *Cope v. West American Ins. Co.*, 309 Or 232, 239, 785 P2d 1050 (1990) ("[W]hen an employee traveling to or from work sustains an injury on or near the employer's premises, there is a 'sufficient work relationship' between the injury and the employment only if the employer exercises some 'control' over the place where the injury is sustained."). As noted, claimant does not challenge the board's determination that the parking lot exception does not apply in this case, and we therefore express no view on that subject.

Claimant also cites our opinion in *Massari*, in which we upheld the compensability of an injury suffered by a physician when he slipped and fell on ice in a hospital parking lot while on his way to work after his shift had begun. In claimant's view, this case is analogous, because claimant's work shift had not ended and she was still within the scope of her work shift at the time she was injured.

Employer responds that *Massari* is distinguishable. There, the claimant had just begun his shift and was subject to the employer's requirement that he be available within 15 minutes of receiving a page. Here, employer contends, claimant had been released and all of her duties had ended when she left work at the direction of the school principal at the time of the injury. Employer contends, further, that the board correctly held that, under the "going and coming" rule, claimant's injury is not compensable.

We agree with employer that the going and coming rule applies in this case. Claimant slipped on ice and injured her ankle after she had been released from duty for the day. Because claimant suffered that injury while she was travelling "from work," the injury did not occur in the course of her employment. It is the fact that claimant had been released from work that materially distinguishes this case from *Massari*. There, we reasoned that the claimant's injury was compensable because he was on duty and under his employer's direction and control at the time of the injury and therefore within the course of his employment. 291 Or App at 353. Here, the fact that claimant's job ordinarily required her to tend to students outside of the school building did not mean that on the particular day and time of the injury she was still working as she walked to her car (at a time when she was not attending to students). And here, even though claimant was technically within the hours of her regular shift and could have assisted a student in the parking lot, had the opportunity arisen, the board found that she had been released from work and was no longer under employer's direction and control as she left the school. That finding is supported by substantial evidence. Accordingly, we conclude that claimant was not in the course of her employment as she walked to her car, and

that the board did not err in determining that her injury is not compensable.

Affirmed.