Argued and submitted October 5, 2018, affirmed July 15, 2020

In the Matter of the Compensation of
Marc R. Johnston, Claimant.

Marc R. JOHNSTON,
*Petitioner,*

*v.*

GORDON TRUCKING - HEARTLAND EXPRESS,
*Respondent.*

Workers' Compensation Board
1504241, 1501330; A164266

471 P3d 129

On judicial review of an order of the Workers' Compensation Board, claimant challenges the board's denial of his occupational disease claim for lumbar arthritis and degenerative disc disease. The board determined that claimant had not met his burden of proving that employment conditions were the major contributing cause of those conditions. Claimant argues that the board erred in failing to recognize that, once claimant came forward with evidence to support his contention that work activities were the major contributing cause of his lumbar arthritis and degenerative disc disease, the burden shifted to employer to establish that other causative factors outweighed the contribution from work activities. Claimant also contends that the board erred in viewing aging as a nonwork-related factor because, "[a]s one ages, one has more work exposure." Finally, claimant argues that the board erred in weighing "genetics" as a factor in the analysis of major contributing cause. *Held*: The board did not err when it placed the burden on claimant to prove the existence of a compensable occupational disease. Nor did the board err when it considered contributions from aging, as influenced by genetics, to be nonwork-related factors that contributed to claimant's lumbar arthritis and degenerative disc disease. Accordingly, claimant has not established that the board erred when it found itself unpersuaded that employment conditions were the major contributing cause of the claimed occupational disease.

Affirmed.

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Trisha D. Hole argued the cause and filed the brief for respondent.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

HADLOCK, J. pro tempore

Affirmed.

**HADLOCK, J. pro tempore**

On judicial review of an order of the Workers' Compensation Board, claimant challenges the board's denial of his occupational disease claim for lumbar arthritis and degenerative disc disease. The board determined that claimant had not met his burden of proving that employment conditions were the major contributing cause of those conditions. The board's conclusion rests largely on two findings. First, the board found that "claimant's aging process, contributed to by his genetics, was an active, ongoing contributor to the development" of the arthritis and degenerative disc disease. Second, the board found that medical evidence suggesting that claimant's work activities also contributed was not "sufficiently persuasive" to establish the existence of a compensable occupational disease. On judicial review, claimant argues that the board erred in failing to recognize that, once claimant came forward with evidence to support his contention that work activities were the major contributing cause of his lumbar arthritis and degenerative disc disease, the burden shifted to employer to establish that other causative factors outweighed the contribution from work activities. Claimant also contends that the board erred in viewing aging as a nonwork-related factor because, "[a]s one ages, one has more work exposure." Finally, claimant argues that the board erred in weighing "genetics" as a factor in the analysis of major contributing cause. We reject each of those arguments and, therefore, affirm.

We describe the historical facts in keeping with the board's factual findings, which claimant does not challenge and which, therefore, are the facts for purposes of judicial review. *King v. SAIF*, 300 Or App 267, 268, 452 P3d 1039 (2019). Where needed to provide more complete context, we also describe additional uncontroverted evidence in the record that is consistent with the board's findings and conclusions.

Claimant worked as a truck driver for about 35 years. In July 2014, he suffered a compensable lower back injury, later described as a lumbar strain. An MRI performed a few days after the injury revealed previously existing degenerative changes to claimant's spine. Two

physicians, Swan and Rosenbaum, opined that the lumbar strain and the preexisting degenerative changes formed a combined condition; they also reported that claimant's work injury was the major contributing cause of his disability and need for treatment of that combined condition. In August 2014, employer accepted a claim for "lumbar strain." Claimant was off work and received treatment for the next several months. In November 2014, Swan declared claimant to be medically stationary without permanent impairment, and he released claimant back to work.

Claimant returned to work, although he was assigned to do a different type of driving than he had done before. In January 2015, claimant visited Swan, reporting increased lower back pain that he associated with work. Swan concluded, based on claimant's history and the type of pain he experienced, that claimant's back pain probably was due to his preexisting degenerative changes. Claimant saw another physician, Ferguson, in March 2015; Ferguson concluded that claimant was unable to continue working because of his "severely aggravated" back. In July 2015, Ferguson opined that the strain associated with claimant's July 2014 injury "had fully resolved" and that "claimant's continued complaints were likely related to degenerative disc disease and * * * disc bulges, which developed gradually over time due to an underlying degenerative process."

Claimant then filed the claim pertinent to this judicial review, *viz.*, an occupational disease claim for lumbar arthritis and degenerative disc disease. Employer denied the claim, contending that claimant's work activities were not the major contributing cause of those conditions. A hearing was held on employer's denial, and we discuss the evidence submitted at that hearing in more detail below. Here, it is sufficient to highlight two aspects of the evidentiary record. In a deposition, Ferguson identified work activity, genetics, and aging as the causal factors of claimant's lumbar arthritis and degenerative disc disease, and he concluded "that a combination of genetics and aging outweighed work activity and was the major contributing cause of" those conditions. Rosenbaum also reported that claimant's work was not the major contributing cause of his lumbar arthritis and degenerative disc disease.

Citing those opinions and additional medical evidence, the board found (1) that "claimant's aging process, contributed to by his genetics, was an active, ongoing contributor to the development of his lumbar arthritis and degenerative disc disease" and (2) that Ferguson's discussion of how work activities contributed to those conditions was not "sufficiently persuasive," noting that Ferguson had stated that it was "impossible to say" whether claimant's work accelerated those conditions and that Ferguson did not have any data to support a view that prolonged sitting and "bouncing/vibration" associated with truck driving contributed to degenerative disc disease and arthritis. In the end, the board found itself "not persuaded that claimant satisfied his burden of proving a compensable occupational disease." It therefore upheld employer's denial of claimant's occupational disease claim.[1]

On judicial review, claimant first argues that the board erred when it assigned him the only burden of proof in association with his occupational disease claim. Claimant acknowledges that workers who assert occupational disease claims have the burden to prove that the occupational disease is compensable. *See* ORS 656.266(1) ("The burden of proving that an *** occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker."). Claimant also acknowledges that an occupational disease is compensable only if

---

[1] Claimant also filed a new/omitted medical condition claim, which employer denied, and that claimant litigated under a "combined condition" theory. Doctors Rosenbaum and Ferguson agreed that claimant's July 2014 work injury had combined with his other, preexisting conditions and that the injury was the major contributing cause of claimant's need for treatment until December 2014. Based on those medical opinions and other evidence in the record, the board applied a "combined condition" analysis and set aside employer's denial of the new/omitted condition claim. That aspect of the board's order is not before us on judicial review.

We also observe that the board issued two orders in this case: an initial order in January 2017 and an order on reconsideration in February 2017. Claimant sought judicial review of both the initial order and the order on reconsideration. The order on reconsideration addresses only certain aspects of the new/omitted condition claim, otherwise simply "republish[ing]" the board's initial January 2017 order. The initial order includes the board's analysis of the occupational disease claim, and it is the order from which we have drawn our discussion of the facts and the pertinent board findings and conclusions. Neither party contends that any aspect of the matters addressed expressly in the order on reconsideration are pertinent to this judicial review.

employment conditions were the major contributing cause of the disease. *See* ORS 656.802(2)(a) ("The worker must prove that employment conditions were the major contributing cause of the disease."). Moreover, claimant does not dispute that "[t]he major contributing cause of a disease is the primary cause—*i.e.*, the cause that contributes more than all other causes combined." *Lowells v. SAIF*, 285 Or App 161, 164, 396 P3d 241 (2017). *Cf. Franke v. Lamb-Weston, Inc.*, 165 Or App 517, 521, 997 P2d 876 (2000) (explaining, in a different workers compensation context, that to determine the "major contributing cause" of a condition, "the quantitative contribution of each cause must be weighed to establish the primary cause of claimant's need for treatment").

Thus, claimant ultimately acknowledges, at least implicitly, that he had the burden to prove that his employment conditions contributed more to his disease than all other causes combined. He describes his burden as having to show, by a preponderance of the evidence, "that he suffered the claimed work exposure and injury and * * * that it contributed to his condition and is the major contributing cause." Nonetheless, claimant argues that, to the extent that employer contends that factors other than work contributed more to claimant's disease than work did, then *employer* bore the burden to prove "that claimant in fact has those factors and that they are not work-related." As we understand claimant's theory, it is that, once a worker asserting an occupational disease claim makes a showing—perhaps a sort of *prima facie* case—that employment conditions were the major contributing cause of the worker's disease, the burden shifts to the worker's employer to prove that any other contributing factors (not employment conditions) were actually the major contributing cause. That is because, according to claimant, "no statute assigns a burden of proof for the nonwork-related factors that are put on the other side of the scale," so the burden must be on the party that wishes to establish the existence of those nonwork-related factors, *i.e.*, the employer. *Cf. Harris v. SAIF*, 292 Or 683, 690, 642 P2d 1147 (1982) ("The general rule is that the burden of proof is upon the proponent of a fact or position, the party who would be unsuccessful if no evidence were introduced on either side.").

We find no support in ORS chapter 656 for claimant's argument. ORS 656.266(1) and ORS 656.802(2)(a) state plainly that a worker bears the burden to prove the compensability of an occupational disease claim by establishing that employment conditions were the major contributing cause of the disease, *i.e.*, that work contributed more than all other causes combined. No other statute provides, as claimant suggests, that the burden of persuasion shifts to the employer if the worker makes an initial showing of compensability. And, significantly, the legislature has expressly enacted burden-shifting schemes in other workers' compensation contexts, suggesting that it would have done so with respect to ordinary occupational disease claims, if that is what it intended. *See generally, e.g.*, *SAIF v. Thompson*, 360 Or 155, 161, 379 P3d 494 (2016) (explaining that ORS 656.802(4)—the statute creating the firefighters' presumption for some occupational diseases—shifts the burdens of production and persuasion to the employer once the claimant has proved certain predicate facts).

Nor does prior case law support claimant's argument. The case on which claimant primarily relies, *Harris*, merely states the unremarkable proposition that the burden of proof generally is on the proponent of a particular proposition, that is, "the party who would be unsuccessful if no evidence were introduced on either side." 292 Or at 690. Here, claimant is the proponent of his allegation that employment conditions were the *major* contributing cause of his lumbar arthritis and degenerative disc disease, and he could not prevail on his occupational disease claim in the absence of any evidence. Thus, the general rule discussed in *Harris* is consistent with ORS 656.266(1) and ORS 656.802(2)(a), which expressly give claimant the burden of proving that allegation.

The precise nature of that burden is significant. To prevail, the claimant has the burden of showing not only that employment conditions contributed to his disease, but that those conditions were the *major* contributing cause of his disease. As claimant notes, a worker can meet that burden without "eliminat[ing] all other possible explanations of causation." *Magana v. Wilbanks International*, 112 Or App

134, 136, 826 P2d 1058 (1992). Nonetheless, the claimant still must persuade the factfinder that employment conditions were the major contributing cause. That task will be more challenging where evidence suggests the existence of nonwork-related contributions. And—just as the burden of persuasion does not shift to a defendant in a negligence case merely because the defendant offers evidence that factors other than its negligence caused the plaintiff's injury—the burden of persuasion does not shift to an employer defending against an occupational disease claim merely because it offers evidence that nonwork-related factors contributed more to the claimant's disease than work conditions did. We reject claimant's contrary argument.

We turn to claimant's argument that the board erred when it found that "claimant's aging process, contributed to by his genetics, was an active, ongoing contributor to the development of his lumbar arthritis and degenerative disc disease" and, relatedly, when it concluded that claimant had not met his burden of proving that employment conditions were the major contributing cause of his disease. In that regard, the board relied on the opinions of Rosenbaum and Ferguson, both of whom opined that aging was an active cause of claimant's underlying degenerative conditions. The board's order describes how Rosenbaum explained the mechanism of that causation:

> "Dr. Rosenbaum opined that claimant has spondylosis and degenerative disc disease throughout his lumbar spine, resulting in L2-3 through L5-S1 degenerative disc bulges. He explained that over time, as part of the aging process, with active contribution from genetics, the discs, which act as shock absorbers between the vertebrae, begin to dry out, crack/tear, and bulge. He observed that this process reduces the space and padding between the vertebrae, resulting in degeneration and inflammation of the facet joints, and subjecting the spine to more stress from lifting, flexion, and torsion. In reviewing claimant's July 2014 lumbar MRI, he observed degenerative disc signals, disc space narrowing, and facet degeneration."

Rosenbaum also opined, at multiple points during the claims process, that claimant's work activities were not the major contributing cause of claimant's degenerative

disc disease or his spondylosis.[2] Indeed, Rosenbaum cited studies supporting the proposition that physical activities related to occupational exposure are not the major contributing cause of such conditions, but that "disc degeneration is likely explained primarily by genetic influences and by other unidentified factors." Rosenbaum concluded that, overall, claimant's "life-long work activities are not the major contributing cause of his claimed conditions."

The board explained that Rosenbaum's opinion was supported by that of Ferguson, who reasoned that claimant's July 2014 injury prolonged the need for treatment of the combined condition (the work injury combined with the underlying degenerative conditions) for a period of time, but that the injury "did not accelerate the degenerative process or preponderate in the *cause*" of claimant's underlying conditions. (Emphasis added.) As the board noted, Ferguson opined that "aging causes a loss of elasticity and drying of the disc, which puts the disc at increased risk of injury as the disc narrows and the facets are 'jammed more together' and develop inflammation." According to Ferguson, the degenerative condition "may or may not be symptomatic at that point," but an injury "sets it off and makes you acutely aware that you have back pain and issues." As specific to claimant, Ferguson agreed with Rosenbaum that the major contributing cause of claimant's degenerative disc disease and disc bulging "is an underlying degenerative process." Apparently departing somewhat from Rosenbaum's view, Ferguson opined that work exposure was also a contributing factor to claimant's degenerative disc disease and lumbar arthritis. However, he acknowledged that imaging of claimant's spine showed "really about what [Ferguson] would expect to see" in a man of claimant's age, and that the degenerative conditions were not accelerated. Ferguson concluded that aging and genetic factors were active contributors to the development of claimant's degenerative disc disease and spondylosis, that those contributions probably

---

[2] In discussing claimant's underlying conditions, Rosenbaum used the term "lumbar spondylosis" to refer to "degenerative arthritis of the lumbar spine." Ferguson disagrees that those terms should be equated; he views arthritis as different from spondylosis. The parties do not attribute any significance to that disagreement, and the disagreement does not affect our analysis.

outweighed contributions from claimant's work, and that the major contributing cause of the need for treatment of the preexisting degenerative conditions was the conditions themselves, and not claimant's work injury.

On judicial review, claimant does not dispute that aging was an active contributor to his disease.[3] Rather, he argues that—at least on this record—contributions from aging must be viewed as related to employment conditions and, therefore, the board should have put contributions from aging on the "work-related" side of the scale when performing the "major contributing cause" analysis. Claimant observes generally that, "[a]s a person ages, that person gathers further work exposure" and that, as specifically pertinent here, claimant worked for employer for 35 years, while "both 'aging' and being exposed to the harmful work activity."

Claimant's argument fails because the record in this case does not compel a finding that contributions from aging must be viewed as related to claimant's employment. As noted above, Rosenbaum cited studies indicating that aging and genetic factors *themselves* predominate in causing conditions like degenerative disc disease, and that physical mechanisms associated with work do not. Rosenbaum also opined specifically that claimant's *life-long* work activities were not the major cause of his claimed conditions. Given that evidence, the board could find, as it did, that claimant had not met his burden of proving that employment conditions were the major contributing cause of his claimed occupational disease. Nor was the board required to be

---

[3] A preexisting condition that actively contributes to the cause of a condition may be weighed against contributions from employment conditions and other factors as part of the "major contributing cause" calculation for an occupational disease claim. *SAIF v. Dunn*, 297 Or App 206, 217, 439 P3d 1011, *rev den*, 365 Or 557 (2019). However, "a preexisting condition that only predisposes or makes a worker more susceptible to an occupational disease, but that does not contribute to the cause of the condition, is not a part of the causation equation." *Id*. at 216-17. Claimant argued to the board that aging and genetics were mere susceptibilities, rather than active contributors to his disease. The board rejected that argument, concluding that medical evidence "establish[ed] that claimant's aging process, contributed to by his genetics, was an active, ongoing contributor to the development of his lumbar arthritis and degenerative disc disease, and was not merely a passive risk factor or susceptibility." Claimant does not renew the "mere susceptibility" argument on judicial review.

persuaded, based on Ferguson's opinion that work played *a* role in the development of claimant's degenerative conditions, that claimant had proved that work was the major contributing cause of those conditions.

We turn, briefly, to claimant's assertion that the board "erred in considering genetics as a factor" in the "major contributing cause" analysis. That assertion relates to the board's statement that "claimant's aging process, contributed to by his genetics, was an active, ongoing contributor to the development of his lumbar arthritis and degenerative disc disease * * *." According to claimant, the board could not properly take genetics into account because the record includes no medical evidence, specific to claimant, that genetic factors contributed to his claimed degenerative conditions. In our view, claimant places too much significance on the board's mention of genetics. The board did not purport to find that claimant had some specific genetic characteristic that—independently of aging—resulted in an active contribution to claimant's lumbar arthritis and degenerative disc disease. Rather, we read the order to reflect only an observation by the board (based on the opinions of both Rosenbaum and Ferguson) that the way in which the aging process causes degenerative changes to a person's spine is influenced by that person's genetic makeup. Claimant has not established that the board erred when it acknowledged that genetic factors influence how a person's body ages.

In sum, the board did not err when it placed the burden on claimant to prove the existence of a compensable occupational disease. Nor did the board err when it considered contributions from aging, as influenced by genetics, to be nonwork-related factors that contributed to claimant's lumbar arthritis and degenerative disc disease. Accordingly, claimant has not established that the board erred when it found itself unpersuaded that employment conditions were the major contributing cause of the claimed occupational disease.

Affirmed.